UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> CRYSTAL DYNAMICS, INC., et al., <br><br> Defendants. | Case No. 17-cv-04187-JST <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** <br><br> Re: ECF No. 20 |

Now before the Court is the Defendants' motion to dismiss. The Court will grant the motion in part and deny it in part.

## I. BACKGROUND

This action centers on the MOVA Contour Reality Capture Program ("MOVA Contour" or "MOVA"), which – as the name suggests – is a program for capturing the motion of the human face to create images used in motion pictures. Unlike previous motion capture technologies, the MOVA Contour Program "precisely captures and tracks the 3D shape and motion of a human face to sub-millimeter precision." ECF No. 1 (Compl.) ¶ 19. The MOVA Contour system captures "an actor's performance frame-by-frame, and then creates original Contour Program output files based on the performance, frame-by-frame." Id. ¶ 24. The output files can be used for many different applications, such as "retargeting" the actor's face onto another real or fictional face. Id. ¶ 33.

In many ways, this case is the successor to an earlier litigation. Beginning in February 2015, Rearden LLC engaged in a dispute with Shenzhenshi Haitiecheng Science and Technology Company ("SHST") over the ownership of the physical equipment and intellectual property

associated with the MOVA technology.[1]  See Shenzhenshi, et al. v. Rearden, et al., No. 15-CV-00797 JST, ECF No. 1 (N.D. Cal. Feb. 20, 2015).  SHST is a Chinese entity associated with Digital Domain 3.0 Inc. ("DD3").  See Shenzhenshi, et al. v. Rearden, et al., No. 15-CV-00797 JST, ECF No. 427 (N.D. Cal. Aug. 11, 2017).  On August 11, 2017, this Court found that "VGH does not own the Mova Assets because Rearden owns them."  See id. at 18.

Now, Plaintiffs Rearden LLC and Rearden Mova LLC (collectively, "Rearden") bring suit against Defendants Crystal Dynamics and Square Enix.  Rearden alleges that Crystal Dynamic's Rise of the Tomb Raider videogame was released and distributed in the United States by Square Enix.  Compl. ¶ 1.  Rearden contends that Crystal used the "MOVA Contour systems and methods and Contour Program output, made derivative works, and with Square Enix reproduced and distributed, and authorized performance and display of, *Rise of the Tomb Raider* in knowing or willfully blind violation of Rearden Mova LLC's intellectual property rights.  Id. ¶ 5.

## II. RELATED CASE ORDER

Rearden also brought suit against movie studios who allegedly contracted with DD3 to use The MOVA contour technology in three related cases.  On February 21, 2018, this Court issued an order granting in part and denying in part motions to dismiss these cases.  See Rearden LLC et al. v. The Walt Disney Company et al., No. 17-cv-4006 JST, ECF No. 60 (N.D. Cal. Feb. 26, 2018); Rearden LLC et al. v. Twentieth Century Fox Film Corporation et al., No. 17-cv-4191 JST, ECF No. 38 (N.D. Cal. Feb. 26, 2018); Rearden LLC et al. v. Paramount Pictures Corporation et al., 17-cv-4192 JST, ECF No. 37 (N.D. Cal, Feb. 26, 2018) (hereinafter "Studios' Order").

Here, Defendants acknowledge the substantial overlap among Rearden's complaints against Crystal Dynamics, Square Enix, and the studios with regard to alleged copyright and patent infringement.  ECF No. 20 at 4.  Defendants "incorporate herein by reference the sections of the briefing concerning alleged copyright and patent infringement, with respect to the legal grounds for dismissing Rearden's copyright claims against Crystal and Square Enix, and the

---

[1] The Statement of Decision in that case includes a summary of the facts underlying the ownership dispute.  See Shenzhenshi, et al. v. Rearden, et al., No. 15-CV-00797 JST, ECF No. 427 (N.D. Cal. Aug. 11, 2017).

2

patent claims against Crystal. Id. Rearden also "incorporates by reference section B of Plaintiff's Opposition to Defendants' Motions to Dismiss." ECF No. 26 at 11. Accordingly, the Court refers to the Studios' Order when that order sets forth the Court's reasoning as to a particular claim or argument.

### III. LEGAL STANDARD

While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). If the motion to dismiss is granted, the court should grant leave to amend "even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks and citation omitted).

### IV. DISCUSSION

#### A. Copyright Infringement

To establish copyright infringement Plaintiff must prove (1) ownership of a copyright, and (2) copying of protectable expression by Defendants. See Design Data Corp. v. Unigate Enter., Inc., 847 F.3d 1169, 1173 (9th Cir. 2017). Defendants argue that Rearden has not alleged a copyright claim because the copyright in the software does not include the output files. ECF No. 20 at 5. For reasons expressed in its earlier order, the Court agrees. See Studios' Order at 4-8.

3

Rearden has not adequately alleged ownership of a copyright.

### B. Patent infringement

The MOVA assets are the subject of several patents. Compl. ¶ 60. Rearden alleges that Crystal Dynamics directly infringed or actively induced direct infringement of these patents. Compl. ¶¶ 129, 136, 153, 160, 175, 182, 199, 203, 221, 225. Crystal argues that Rearden fails to plead patent infringement under any theory. ECF No. 20 at 6.

#### 1. Direct Infringement

Crystal argues that Rearden has no basis for a direct infringement claim because Rearden does not allege that Crystal "makes, uses, offers to sell, or sells" the patented invention. ECF No. 20 at 9; see 35 U.S.C. § 271(a). Rearden argues that Crystal is liable for direct infringement "because DD3's infringing acts are attributable to it" and Crystal "used" the MOVA Contour system. ECF No. 2 at 12-16.

The Court finds that Rearden has not adequately alleged a direct infringement claim. See Studios' Order at 9-11.

#### 2. Active Inducement

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C § 271(b). "Induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." Glob.-Tech Appliances, Inc. v. SEB S.A., 563 U.S. 754, 766, (2011). This requires knowledge of the existence of the patent that is infringed. Id. See also Grecia v. VUDU, Inc., No. C-14-0775-EMC, 2015 WL 538486, at *6 (N.D. Cal. Feb. 9, 2015). To satisfy the knowledge requirement, either actual knowledge or willful blindness is required. Glob.-Tech Appliances, Inc., 563 U.S. at 768. The patent holder must also "prove that once the defendants knew of the patent, they actively and knowingly aided and abetted another's direct infringement." DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1305 (Fed. Cir. 2006) (internal quotation marks and citations omitted). Knowledge of possible infringement is not enough; "specific intent and action to induce infringement must be proven." Id.

A defendant is not required to "prove its case at the pleading stage." In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d at 1339. The Iqbal/Twombly standard

"unquestionably applies" to allegations of induced infringement. See Lifetime Indus., Inc. v. Trim-Lok, Inc., 869 F.3d 1370, 1380 (Fed. Cir. 2017). To survive a motion to dismiss, the complaint must contain facts "plausibly showing that [the defendant] specifically intended [the direct infringer] to infringe [the patent-in-suit] and knew that the [direct infringer's] acts constituted infringement." Grecia, 2015 WL 538486, at *7 (quoting In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1339 (Fed.Cir. 2012)).

Rearden alleges that from "2008 to 2012, not only were Crystal and Square Enix attendees at the industry videogame conferences such as GDC08 where Rearden-controlled companies promoted MOVA Contour's use in creating photorealistic CG faces for videogames, but Crystal and Square Enix were business partners of a Rearden-controlled company, utilizing Rearden-developed technology within their videogames (including Crystal-developed prior Tomb Raider franchise games), under contracts that provided for sharing a percentage of the retail price of all Crystal and Square Enix games using Rearden's technology. Before entering into business with the Rearden-controlled company and using Rearden technology in its videogames, Crystal and Square Enix performed an intellectual property due diligence to confirm that Rearden and its controlled companies owned the videogame technology." Compl. ¶ 56. Rearden contends that "between February 2013 and October 11, 2016, Crystal contracted with DD3 to provide facial performance capture services using the copyrighted Contour Program and output, including, at least the performance of Camilla Luddington for the CG face of the Lara Croft character in Rise of the Tomb Raider." Id. ¶ 93. Rearden alleges on information and belief that Crystal Dynamics "performed an intellectual property due diligence with DD3 prior to contracting with DD3 to use the MOVA Contour facial motion capture system…in Rise of the Tomb Raider." Id. ¶¶ 131, 177, 201, 223.

Assuming the truth of these allegations,[2] it is not an unreasonable inference that Crystal Dynamics became aware of Rearden's patents, and continued to be aware that the MOVA

---

[2] The Court has its doubts that Crystal Dynamics actually engaged in the kind of intellectual property due diligence with either Rearden or DD3 that plaintiff alleges, but nonetheless concludes that the allegation survives an Iqbal/Twombly challenge.

5

technology was patented when Crystal Dynamics contracted with DD3. The allegations are certainly thin, but they survive a motion to dismiss.

Further, it is not unreasonable that by contracting with DD3 to use the MOVA Contour facial motion capture system, Crystal Dynamics intended and acted to induce infringement. Rearden alleges that after it learned of the patents, Crystal Dynamics "assisted or directed" in the infringement by contracting with DD3 to provide facial performance motion capture and outputs. Id. This is sufficient to plead intent to infringe. See Lifetime Indus., Inc. v. Trim-Lok, Inc., 869 F.3d at 1380.

### 3. Willful Infringement

Lastly, Crystal Dynamics moves to dismiss Rearden's willful infringement allegations. The Supreme Court has recently clarified that

> [a]wards of enhanced damages under the Patent Act . . . are not to be meted out in a typical infringement case, but are instead designed as a "punitive or vindictive" sanction for egregious infringement behavior. The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or – indeed – characteristic of a pirate.

Halo Elecs., Inc. v. Pulse Elecs., Inc., 136 S. Ct. 1923, 1932, 195 L. Ed. 2d 278 (2016). "[A] patent infringement plaintiff does not have to prove willfulness at the pleading stage, although they should allege more than a one-sentence prayer for willfulness relief." Straight Path IP Grp., Inc. v. Apple Inc., No. C 16-03582 WHA, 2017 WL 3967864, at *4 (N.D. Cal. Sept. 9, 2017); see also Simplivity Corp. v. Springpath, Inc., No. CV 4:15-13345-TSH, 2016 WL 5388951, at *18 (D. Mass. July 15, 2016) ("Halo . . . offered little by way of a concrete standard" for the imposition of willfulness sanctions). Adhering to the Halo standard, several district courts in this circuit have upheld allegations of willful infringement on less than what Rearden pleads here. See, e.g., Finjan, Inc. v. ESET, LLC, No. 3:17-cv-0183-CAB(BGS), 2017 WL 1063475, at *4 (S.D. Cal. Mar. 21, 2017) ("The complaint alleges that prior to the filing of the lawsuit Finjan put ESET on notice of its contentions ESET's products infringe the patents at issue. Despite that notice and related meetings between the parties to address those contentions, the complaint asserts that ESET continues to sell products alleged to infringe."); Nanosys, Inc., et al. v. QD Vision, Inc., No. 16-

CV-01957-YGR, 2017 WL 35511, at *1 (N.D. Cal. Jan. 4, 2017) (plaintiff and defendant shared at least one co-founder who was also a named inventor on the patents-in-suit; defendant "availed itself of Dr. Bawendi's knowledge of the claimed inventions and Nanosys's technology to develop and market its infringing products, including Color IQ."); Straight Path IP Grp., supra ("[Plaintiff] points out that it 'alleges that [defendant] was aware of four of the asserted patents and their infringement since at least September 24, 2014, and that [defendant] nonetheless continued to sell the accused products and induce infringement by its customers after that date.'"). The Court will deny Crystal Dynamics' motion as to this claim.

## CONCLUSION

Plaintiffs' copyright and direct infringement claims are dismissed without prejudice. In all other respects, the motion is denied.[3]

**IT IS SO ORDERED.**

Dated: March 6, 2018

_____
JON S. TIGAR
United States District Judge

---

[3] Crystal Dynamics argues that Rearden lacked standing to sue at the time this action was filed because this Court had not yet issued a decision in Rearden's favor on the ownership issue. ECF No. 20 at 11. Rearden was the rightful owner of the patents-in-suit during the ownership suit. See Shenzhenshi, et al. v. Rearden, et al., No. 15-CV-00797 JST, ECF No. 427 (N.D. Cal. Aug. 11, 2017). Crystal Dynamics has not provided the Court with case law supporting the argument that a valid patent owner cannot enforce its patents, even if the valid owner is engaged in a separate ownership dispute.

7