Steve W. Berman (*pro hac vice*)
Mark S. Carlson (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

Rio S. Pierce, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
riop@hbsslaw.com

*Attorneys for Plaintiff*
Rearden LLC and Rearden Mova LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REARDEN LLC, REARDEN MOVA LLC, California limited liability companies,<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL DYNAMICS, INC., a California corporation, SQUARE ENIX INC., a Washington Corporation,<br><br>Defendants. | Case No. 3:17-cv-04187-JST<br><br>**RULE 56(d) DECLARATION OF STEVE BERMAN IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

RULE 56(D) DECLARATION OF STEVE BERMAN IN OPPOSTION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Case No. 3:17-cv-04187-JST

I, Steve Berman, declare as follows:

1. I am the Managing Partner of Hagens Berman Sobol Shapiro LLP and I am one of the firm's lawyers representing the plaintiffs in this case. I have personal knowledge of the facts stated in this declaration, and could testify with respect to those facts under oath if called upon to do so.

2. I have reviewed defendants' motion for summary judgment and supporting declarations. Defendants contracted with actress Camilla Luddington to play Lara Croft in a new Tomb Raider game called *Rise of the Tomb Raider*. Luddington Decl. (Dkt. 60) ¶ 2–3. They contracted with DD3 to perform the performance capture for *Rise of the Tomb Raider* in January 2014. Kury Decl. (Dkt. 64) ¶ 4. Ms. Luddington's performance as Lara Croft for the *Rise of the Tomb Raider* game was captured by DD3 in its studios in the summer of 2014. Dkt. 60 ¶ 3. Ms. Luddington's representatives contacted defendants' Brand Director for Lara Croft and the *Tomb Raider* franchise in July 2014 to request permission to publish a "selfie" wearing Contour makeup while performing as Lara Croft during the summer 2014 Contour capture. Briggs Decl. (Dkt. 57) ¶ 3. Defendants granted permission to publish the Contour selfie, and provided Ms. Luddington with information about Contour so that she and others could better explain it. *Id.*

3. I have verified that Square Enix provides notice of its copyright in the Lara Croft games and in the Lara Croft and Tomb Raider trademarks. *See* Perlman Decl. Ex. 1. Since defendants did not assert that the summer 2014 Contour capture was unauthorized when Ms. Luddington's representatives called Mr. Briggs about the Contour selfie, it is reasonable to infer that at that time defendants already knew of the 2014 Contour capture and had authorized it.

4. And since businesses do not ordinarily provide services for free or pay for services without a contract, it is reasonable to infer that someone, either defendants or a third party authorized by them, contracted with DD3 for the summer 2014 Contour capture.

5. Finally, it is reasonable to infer that if defendants authorized a third party to capture Ms. Luddington's performance as Lara Croft, defendants would have retained an element of control over the Lara Croft images captured and used by the third party.

RULE 56(D) DECLARATION OF STEVE BERMAN IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT  - 1
Case No. 3:17-cv-04187-JST

6. Defendants have moved for summary judgment of non-infringement with respect to Rearden's copyright and patent infringement claims.  In both instances, Rearden asserts infringement based on the use of the *Contour program, system, and methods*, and not based on defendants' use of the *Contour output*.  Therefore, on the issue of infringement, it makes no difference how defendants used the Contour program output if the output was the result of their use of the Contour program, system, and methods.  Rearden's copyright and patents are infringed regardless of whether the output was used to animate CG characters that appeared in the *Rise of the Tomb Raider* game or for some other purpose such as animating CG characters in a trailer or video used to promote the game.

7. For the reasons stated in Rearden's brief in opposition to defendants' summary judgment motion, Rearden believes that the motion should be denied on the grounds that defendants have not met their burden as moving party to show that there is no disputed issue of material fact and defendants are entitled to judgment as a matter of law.

8. But if the Court does not find that argument to be sufficient, then Rearden has sought relief under Fed. R. Civ. P. 56(d) on the grounds that specific facts exist that are essential to resist defendants' summary judgment motion, as identified below.  Rearden has had no opportunity to take discovery to date because discovery has been stayed until the Further Case Management Conference on July 11, 2018.

9. Rearden expects that the summer 2014 Contour capture was performed by DD3 under the terms of a contract, either between DD3 and one or the other defendants, or between DD3 and a third party that was authorized to capture Ms. Luddington's performance as Lara Croft by defendants.

10. If DD3 contracted with a third party authorized by defendants, Rearden expects that the authorization will be embodied in a contract.  And Rearden expects that defendants' contract authorizing a third party to capture images of Ms. Luddington as Lara Croft will have terms providing defendants with some measure of supervision and control over those images.

RULE 56(D) DECLARATION OF STEVE BERMAN IN OPPOSITION TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT  - 2
Case No. 3:17-cv-04187-JST

11.     Rearden expects that DD3 and defendants will know to what extent, if any, defendants participated directly or indirectly in the summer 2014 Contour capture of Ms. Luddington as Lara Croft.

12.     Rearden expects that DD3 will know to whom it provided the Contour output from the summer 2014 capture of Ms. Luddington as Lara Croft, whether to defendants, a third party, or both.

13.     The only practical purpose for Contour captures is to use processed output to animate CG characters.  Accordingly, Rearden expects that defendants and/or an authorized third party will know for what purpose the Contour output from the summer 2014 capture was used, whether to animate CG characters that appeared in the *Rise of the Tomb Raider* game itself, or in a trailer or other video used to promote the game.  In either case, it is probable that the output was used in some capacity in relation to the *Rise of the Tomb Raider* game, and that defendants were involved in some capacity.

14.     Rearden expects that pursuant to Rule 56(d), it can discover the above-identified facts through document productions from defendants, DD3, and any third party involved, including all documents, contracts, and communications relating to "Mova," "Contour," and/or the summer 2014 capture of Ms. Luddington as Lara Croft by DD3 using Contour.  Following document production, Rearden expects to take Rule 30(b)(6) depositions of defendants, DD3, and any third party involved, regarding the summer 2014 Contour capture, and defendants' authorization, use, and actions with respect to that capture.

15.     If defendants' declarations are not deemed insufficient to carry their burden as the moving party on summary judgment, then the above-identified facts are essential to respond to defendants' summary judgment motion.  Defendants' declarations address only conventional motion captures that they contend were used in the *Rise of the Tomb Raider* game, but do not address any other use, such as in trailers or videos used by defendants to promote the game, that may have been made of the summer 2014 Contour captures of Ms. Luddington as Lara Croft.  Evidence regarding

the summer 2014 Contour captures of Ms. Luddington as Lara Croft by DD3 in its studios is therefore essential to fully respond to defendants' summary judgment motion.

I declare that the foregoing is true and correct under penalty of perjury.

Signed this 26th day of April, 2018, in Seattle, Washington.


                                                */s/*    *Steve Berman*
                                                        Steve Berman