UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CRYSTAL DYNAMICS, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-04187-JST<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(D)**<br><br>Re: ECF No. 55 |

Before the Court is Defendants, Crystal Dynamics' and Square Enix's motion for summary judgment. ECF No. 55. Plaintiffs, Rearden LLC and Rearden Mova LLC (collectively Rearden) oppose the motion. Alternatively, Rearden asks the Court to deny the motion pursuant to Federal Rule of Civil Procedure 56(d). For the reasons set forth below, the Court will grant Plaintiff's request for relief under Rule 56(d).

## I. BACKGROUND

This action centers on the MOVA Contour Reality Capture Program ("MOVA Contour" or "MOVA"), which – as the name suggests – is a program for capturing the motion of the human face to create images used in motion pictures. The ownership of this program and related hardware (collectively, the "Mova assets") was contested in an earlier action.[1] *See Shenzhenshi, et al. v. Rearden, et al.*, No. 15-CV-00797 JST, ECF No. 1 (N.D. Cal. Feb. 20, 2015). On August 11, 2017, the Court found that Rearden owns the MOVA assets. *See Shenzhenshi, et al. v. Rearden, et al.*, No. 15-CV-00797 JST, ECF No. 427 at 18 (N.D. Cal. Aug. 11, 2017).

---

[1] The Statement of Decision in that action includes a summary of the facts underlying the ownership dispute. *See Shenzhenshi, et al. v. Rearden, et al.*, No. 15-CV-00797 JST, ECF No. 427 (N.D. Cal. Aug. 11, 2017).

Rearden brought this action against Crystal Dynamics and Square Enix for copyright and patent infringement. *See* ECF No. 49 (First Amended Complaint, "FAC"). Rearden alleges that Crystal Dynamics' *Rise of the Tomb Raider* videogame was released and distributed in the United States by Square Enix. FAC ¶ 1. Rearden contends that Crystal Dynamics used MOVA Contour output "in creating the Lara Croft CG face and then released multiple versions of the *Rise of the Tomb Raider* game from November 2015 through October 2016 which Square Enix distributed throughout the United States." *Id.* ¶ 4. Rearden's complaint repeatedly refers to statements and associated tweeted images made by Camilla Luddington, the star of the *Rise of the Tomb* Raider videogame, about the MOVA Contour program. *See e.g.*, FAC ¶ 2, 91, 98, 99, 100, 103.

Defendants now move for summary judgment. ECF No. 55. Defendants concede that Crystal Dynamics contracted with another company, DD3, to use its "facilities and services for traditional performance capture sessions for the actors portraying the characters in the game." ECF No. 55 at 9. They contend that "neither Crystal Dynamics nor Square Enix used MOVA, or requested, instructed, or directed DD3 to use MOVA, directly or indirectly in the creation of [Rise of the Tomb Raider], and in fact DD3 did not use MOVA in the creation of [Rise of the Tomb Raider]." *Id.* at 6.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(d), a court may deny or defer considering a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). To prevail on a Rule 56(d) motion, "the parties opposing a motion for summary judgment must make (a) a timely application [that] (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (citations and internal quotations omitted). Courts generously grant Rule 56(d) motions, "unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (citations omitted).

## III. DISCUSSION

Rearden has met its burden under Rule 56(d). Rearden has notified the Court via declaration of specific facts it hopes to elicit from further discovery such as "the terms of a contract, either between DD3 and one or the other defendants, or between DD3 and a third party that was authorized to capture Ms. Luddington's performance as Lara Croft by defendants." ECF No. 72 ¶ 9. Rearden seeks to discover "to what extent, if any, defendants participated directly or indirectly in the summer 2014 Contour capture of Ms. Luddington as Lara Croft." *Id.* ¶ 11. Rearden "expects that defendants and/or an authorized third party will know for what purpose the Contour output from the summer 2014 capture was used, whether to animate CG characters that appeared in the Rise of the Tomb Raider game itself, or in a trailer or other video used to promote the game." *Id.* ¶ 13.

Rearden's counsel explains to the Court that these facts are essential to preclude summary judgment because the Defendants' declarations address only the images used in the *Rise of the Tomb Raider* game itself, and not other potential uses for the 2014 Contour captures, such as trailers or promotional videos. *Id.* ¶ 15. As Rearden notes in its opposition to Defendants' summary judgment motion, "only two of defendants' . . . declarations . . . mention the summer 2014 Contour capture. And although some of the declarants state that defendants did not use Contour output *in the game*, none explain *why* defendants authorized the summer 2014 Contour captures in the first place, and *what* they did with that Contour output." ECF No. 70 at 12-13. While Defendants contend that they did not contract with DD3 for the summer 2014 Contour session, they do not dispute that the session took place. Thus, there is a basis for believing that the information Rearden seeks about this summer 2014 session actually exists.

Finally, Rearden has not had a reasonable opportunity to conduct this discovery. This action was filed on July 24, 2017. Defendants filed a motion to dismiss on September 15, 2017. ECF No. 20. The Court granted the motion in part and denied the motion in part on March 6, 2018. ECF No. 48. At the March 7, 2018 case management conference, Rearden agreed to stay discovery until July 11, 2018, after the Court rules on the motion to dismiss the amended complaint. ECF No. 74 ¶ 8. Accordingly, Plaintiff's request for relief under Rule 56(d) is

granted.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is DENIED without prejudice. Defendants may file an amended motion for summary judgment after the close of discovery.

**IT IS SO ORDERED.**

Dated: June 18, 2018

	JON S. TIGAR
	United States District Judge