Steve W. Berman (*pro hac vice*)
Mark S. Carlson (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com
markc@hbsslaw.com

Philip Graves (CBA No. 153441)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile:  (213) 330-7152
philipg@hbsslaw.com

Rio S. Pierce, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
riop@hbsslaw.com

*Attorneys for Plaintiff*
*Rearden LLC and Rearden Mova LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| REARDEN LLC, REARDEN MOVA LLC, California limited liability companies, | Case No. 3:17-cv-04187-JST |
| Plaintiffs, | **NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFFS** |
| v. | |
| CRYSTAL DYNAMICS, INC., a California corporation, SQUARE ENIX INC., a Washington corporation, | **Judge:** **Hon. Jon S. Tigar** **Hearing Date:** **October 16, 2019** **Time:** **2:00 P.M.** **Courtroom:** **6, 2nd Floor** |
| Defendants. | **REDACTED VERSION SOUGHT TO BE SEALED** |

1    TO DEFENDANTS AND ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, on October 16, 2019, at 2:00 p.m. or as soon thereafter as the

3    matter may be heard before the Honorable Jon S. Tigar, in Courtroom 6, 2nd Floor, located at

4    Oakland, CA.  Hagens Berman Sobol Shapiro LLP ("HBSS") will move for leave to withdraw as

5    counsel for Plaintiffs Rearden LLC and Rearden MOVA LLC ("Rearden").

6    This Motion is made by HBSS pursuant to Local Rule 11-5 of the Northern District of

7    California and Rule 1.16 of the California Rules of Professional Conduct for an order relieving the

8    firm as counsel for Plaintiffs on the ground that HBSS's representation of Rearden is likely to

9    become directly adverse to the interests of a preexisting client of HBSS, and the conflict has not been

10   waived.  Pursuant to Local Rule 11-5, advance notice of this motion was given to Plaintiffs and all

11   other parties who have appeared in this case.

12   This Motion is based upon this Notice, Motion, Memorandum of Points and Authorities, the

13   declarations and exhibits filed in support thereof, all papers and records on file herein and such other

14   and further oral and documentary evidence as this Court deems necessary.

15                                          HAGENS BERMAN SOBOL SHAPIRO

16   Dated: September 9, 2019            By:   */s/*      *Philip Graves*

17                                              Philip Graves

18                                          Steve W. Berman (pro hac vice)
                                           Mark S. Carlson (pro hac vice)
19                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                           1301 Second Avenue, Suite 2000
20                                          Seattle, WA  98101
                                           Telephone: (206) 623-7292
21                                          Facsimile:  (206) 623-0594
                                           steve@hbsslaw.com
22                                          markc@hbsslaw.com

23                                          Philip Graves (CBA No. 153441)
                                           HAGENS BERMAN SOBOL SHAPIRO LLP
24                                          301 North Lake Avenue, Suite 920
                                           Pasadena, CA  91101
25                                          Telephone: (213) 330-7150
                                           Facsimile:  (213) 330-7152
26                                          philipg@hbsslaw.com

27

28

NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW - 1
Case No.: 3:17-cv-04187-JST
005073-12/1188366 V1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rio S. Pierce, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
riop@hbsslaw.com

Attorneys for Plaintiffs
Rearden LLC and Rearden Mova LLC

1

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................1

II.  FACTS ...............................................................................................................2

III. ARGUMENT ......................................................................................................4

    A.   Governing Law. .......................................................................................4

    B.   HBSS is Ethically Obligated to Withdraw as Rearden's Counsel in this
        Action. ......................................................................................................5

    C.   HBSS has taken Reasonable Steps to Avoid Reasonably Foreseeable
        Prejudice to Rearden. ...............................................................................7

    D.   Granting HBSS Leave to Withdraw will not Prejudice Crystal, Harm
        the Administration of Justice or Result in Unreasonable Delay. ..............7

IV.  CONCLUSION ...................................................................................................8

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

**Page(s)**

2

<span style="text-align:center">C<small>ASES</small></span>

3
*Boulton v. American Transfer Services, Inc.*,
2015 WL 5155244 (S.D. Cal. Sept. 1, 2015) ...............................................................4, 7

4
*Celgard, LLC v. LG Chem, Ltd.*,
5
594 Fed.Appx. 669 (Fed. Cir. Dec. 10, 2014) ...................................................................7

6
*Ferruzzo v. Superior Court*,
104 Cal. App. 3d 501, 163 Cal. Rptr. 573 (1980) .............................................................5

7
*Frazier v. American Credit Resolution, Inc.*,
2019 WL 3554505 (N.D. Cal. Aug. 5, 2019) .....................................................................4

8
*GATX/Airlog Co. v. Evergreen Intern. Airlines, Inc.*,
9
8 F.Supp.2d 1182 (N.D. Cal. 1998) ...............................................................................6, 7

10
*j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*,
No. C 08-4254 PHJ, 2009 WL 464768 (N.D. Cal. Feb. 24, 2009) ..................................4

11
*Pacific Rollforming, LLC v. Trakloc Intern.*,
12
2008 WL 4682239 (S.D. Cal. Oct. 21, 2008) ....................................................................5

13
*Portsmouth Redev. & Housing Auth. v. BMI Apartments Assocs.*,
851 F. Supp. 775 (E.D.Va.1994) .......................................................................................4

14
*Rembrandt Technologies, LP v. Comcast Corp.*,
15
2007 WL 470631 (E.D. Tex. Feb. 8, 2007) ...................................................................6, 7

16
*Richmond American Homes of Northern California, Inc. v. Air Design, Inc.*,
No. C038779 (Cal. Ct. App., July 25, 2002) .................................................................5, 6

17
*Robinson v. Delgado*,
2010 WL 3259384 (N.D. Cal. Aug. 18, 2010) ..................................................................4

18
*Saemie Corp. v. Coddington*,
19
2011 WL 4964834 (C.D. Cal. Oct. 19, 2011) ....................................................................4

20
*United States v. Carter*,
560 F.3d 1107 (9th Cir. 2009) ...........................................................................................4

21
*Yeager v. Yeager*,
2009 WL 1061514 (E.D. Cal. June 9, 2009) .................................................................7, 8

22

<span style="text-align:center">O<small>THER</small> A<small>UTHORITIES</small></span>

23
L.R. 3-9 ........................................................................................................................................7

24
L.R. 11-4(a)(1) .............................................................................................................................4

L.R. 11-5(a) ..................................................................................................................................4

25
L.R. 11-5(b) ..................................................................................................................................8

26
Rule 1.7(a) ....................................................................................................................................7

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Hagens Berman Sobol Shapiro LLP ("HBSS") hereby moves for leave to withdraw as counsel for plaintiffs Rearden LLC and Rearden Mova LLC (collectively, "Rearden") in this action.[1] It has become clear to HBSS that continuing to represent Rearden against Crystal Dynamics, Inc. ("Crystal") would require HBSS to pursue discovery, make arguments and attempt to prove a case that is directly adverse to another longtime client of the firm – Microsoft Corporation.  Rearden alleges that Crystal vicariously infringed its copyright in Rearden's Contour software as a result of Digital Domain 3.0's ("DD3's") use of Contour in connection with production of the Rise of the Tomb Raider ("ROTTR") game and its promotional materials. ███████████████████████

█████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

████████████████████████████ The Court denied Crystal's motion as to Rearden's claim for vicarious infringement, but ordered the parties to submit their arguments as to whether Rearden's First Amended Complaint ("FAC") encompasses a theory of liability based on the E3 trailer.  So, were HBSS to remain as Rearden's counsel, it would be required to respond to the Court's order by either arguing that the FAC covers a claim involving the E3 trailer or that an amendment is required and warranted.  HBSS would then be required to pursue discovery, make arguments and attempt to prove, among other things, that DD3 in fact used Contour in connection with production of the trailer and that there was a causal nexus between the use of Contour to produce the trailer and profits on sales of the game. ███████████████████████ ████████████████████████ Therefore, HBSS must withdraw as counsel for Rearden in this action.

---

[1] HBSS seeks leave to withdraw as Plaintiffs' counsel only in this action against Crystal Dynamics, Inc.  HBSS does not seek leave to withdraw, and has no reason to believe that there are facts requiring it to withdraw, in the actions currently pending in this Court in which it is representing Rearden against The Walt Disney Company, et al., Case No. 17-cv-4006, Twentieth Century Fox Film Corporation, et al., Case No. 17-cv-4191, or Paramount Pictures Corporation, et al., Case No. 17-cv-4192.

1

## II.    FACTS

2        HBSS has, since around 2000, represented Microsoft in the defense of a number of class

3  action lawsuits involving Microsoft software.  (O'Hara Decl. ¶ 2)  This representation is ongoing.

4  (O'Hara Decl. ¶ 3)  None of these cases is related to the subject matter of this action.

5        On July 24, 2017, HBSS, as counsel for Rearden, filed the present action against Crystal

6  Dynamics and Square Enix Inc.[2]  The complaint alleged, among other things, that Crystal had

7  contracted with DD3 for DD3 to provide facial performance capture services using Rearden's

8  copyrighted Contour software in the production of the ROTTR game.  (Dkt. No. 1, ¶¶ 93, 108)

9        On March 6, 2018, Rearden filed an amended complaint alleging, e.g., that DD3 had directly

10  infringed Rearden's copyright "[e]ach time that DD3 operated the Contour apparatus," and that

11  Crystal had vicariously infringed Rearden's copyright by contracting with DD3 for facial

12  performance capture services using the Contour software for the ROTTR game and its promotional

13  materials.  (Dkt. No. 49, ¶¶ 107-08)

14        On January 7, 2019, Crystal filed a renewed motion for summary judgment.  Crystal argued

15  that there was no act of direct infringement for which it could be secondarily liable, contending that

16  (i) DD3 never used Contour for performance captures for the ROTTR game, and (ii) ████████

17  ████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████

21  ████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████

24  ████████████████████████████████████  Crystal asserted that it had

25  played no significant role in the production of the E3 trailer ████████████████████

26

27  ─────────────────

        [2] The Court entered the parties' stipulated dismissal of Square Enix Inc. on February 25, 2019.
28  (Dkt. No. 177)

1  █████████████████████████████████████████████████████

2  ████████████████████████████████████████████████████████

3  ████████████████████████

4      In response, HBSS argued that Crystal was responsible for the Luddington facial capture

5  session in which Contour was used.  (Dkt. No. 128-4, pp. 11:4 – 12:2, 20:12 – 21:3)

6      Subsequent to the filing of Crystal's summary judgment papers, neither party served or

7  responded to any discovery.  (Graves Decl.  ¶ 2) No further substantive events transpired in the

8  litigation, apart from the parties' stipulation to dismiss Square Enix Inc., until the Court issued its

9  order on Crystal's summary judgment motion on July 12, 2019.  (Graves Decl. ¶ 2)

10      On July 12, 2019, the Court entered its order granting in part and denying in part Crystal's

11  summary judgment motion.  (Dkt. No. 194)  The Court ruled, among other things, that Rearden had

12  proffered sufficient evidence to create a genuine issue of fact as to whether (i) DD3 used Contour

13  output in the creation of the ROTTR game, and (ii) Crystal had sufficient control over DD3 and

14  reaped a direct financial benefit from DD3's use of Contour, such that Rearden's claim for vicarious

15  infringement survived summary judgment.  The Court also stated that "Rearden's complaint contains

16  no" allegations that Crystal is secondarily liable for use of Contour software in connection with

17  production of the E3 trailer, and ordered the parties "to meet and confer regarding whether the

18  incorporation by amendment of Rearden's theory regarding the E3 trailer, see supra at 12-13,

19  requires the amendment of Rearden's written complaint, and present their agreements, disputes, or

20  proposals on that subject to the Court by July 22, 2019."  (Dkt. No. 194, p. 12:11-12, p. 19:10-13)

21  Rearden and Crystal subsequently stipulated to continue the deadline set out in the Court's order to

22  August 16, and then to September 13, 2019.  (Dkt. Nos. 195-98)

23      On July 30, 2019, HBSS notified Rearden that HBSS intended to move for leave to withdraw

24  as Rearden's counsel, due to the existence of an unresolved conflict involving Microsoft.  (Graves

25  Decl. ¶ 5)

26      HBSS is constrained by its duty of confidentiality to Rearden from providing the Court

27  additional specific and general information regarding the facts pertinent to this motion.

28

## III.    ARGUMENT

### A.    Governing Law.

Attorneys practicing before this Court are required to comply with the California Rules of Professional Conduct ("CRPC" or "Rules").  N.D. Cal. L.R. 11-4(a)(1); *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.,* No. C 08-4254 PHJ, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009).  The Rules require that a lawyer must withdraw from representing a client if "the lawyer knows or reasonably should know that the representation will result in violation of these rules of the State Bar Act."  CRPC 1.16(a)(2) (asterisks omitted).  The Rules further require that "[a] lawyer shall not, without informed written consent from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter."  CRPC 1.7(a).  Counsel may not withdraw from an action before this Court "until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case."  N.D. Cal. L.R. 11-5(a); CRPC 1.16(c).

"'Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case.'"  *Frazier v. American Credit Resolution, Inc.*, 2019 WL 3554505, at *1 (N.D. Cal. Aug. 5, 2019) (quoting *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D. Cal. July 9, 2015).  The risk that substitute counsel will be difficult to obtain or that the client will be subject to a default judgment does not justify denying a motion for withdrawal.  *Portsmouth Redev. & Housing Auth. v. BMI Apartments Assocs.*, 851 F. Supp. 775, 786–87 (E.D.Va.1994); *Saemie Corp. v. Coddington*, 2011 WL 4964834, at *1 (C.D. Cal. Oct. 19, 2011).  Neither does the ban on corporate self-representation preclude a court from granting a motion to withdraw.  *See Boulton v. American Transfer Services, Inc.,* 2015 WL 5155244, *1 (S.D. Cal. Sept. 1, 2015) (granting motion to withdraw as counsel for corporation); *Ferruzzo v. Superior Court*, 104 Cal. App. 3d 501, 504, 163 Cal. Rptr. 573 (1980) (same).

"Under the State Bar of California Rules of Professional Conduct, attorneys are bound to preserve client confidences when seeking withdrawal, if disclosing them would prejudice the client

1    or violate the counsel's duty of confidentiality.  In light of these limitations, counsel often is not able

2    to discuss in detail the reasons for withdrawal."  *Pacific Rollforming, LLC v. Trakloc Intern.*, 2008

3    WL 4682239, *1 n.1 (S.D. Cal. Oct. 21, 2008).  Consequently, HBSS can only identify the above

4    general information and CRPC 1.7(a) as justification for withdrawal.  There are additional specific

5    facts upon which HBSS could rely, but for its duties to Rearden.

6    **B.**     **HBSS is Ethically Obligated to Withdraw as Rearden's Counsel in this Action.**

7              "A lawyer shall not, without informed written consent from each client and compliance with

8    paragraph (d), represent a client if the representation is directly adverse to another client in the same

9    or a separate matter."  CRPC 1.7(a).  Microsoft is a current client of HBSS, in a matter unrelated to

10   its present representation of Rearden.  (O'Hara Decl. ¶¶ 2-3)  No written consent from Microsoft to

11   HBSS's continued representation of Rearden in this matter has been obtained.  (Graves Decl. ¶ 3)

12            At this juncture,[3] Rearden's interest in this action is likely to become directly adverse to the

13   interests of Microsoft.  Direct adversity arises when the actions of a lawyer representing one client

14   create, as a practical matter, the potential for injury to another client, even if injury is not actually

15   caused.  Cal. State Bar Formal Opn. No. 2011-182; *Richmond American Homes of Northern*

16   *California, Inc. v. Air Design, Inc.*, No. C038779, *11-12 (Cal. Ct. App., July 25, 2002) ("Even if

17   Kenyon [Client A] does not actively seek to rebut at trial Richmond's [Client B's] claim of liability

18   against Northern California Inland, the issue is likely to arise in discovery and pretrial proceedings.

19   Accordingly, as a practical matter, the Wood firm's representation of Richmond in this action is

20   adverse to Kenyon.").

21            Crystal has put the E3 trailer front and center in this litigation, contending that the <u>only</u> use of

22   Contour by DD3 was in the production of that trailer and ███████████████████████████

23   ██████████    Crystal has identified evidence purporting to support those contentions.  As a result, if

24

25            [3] Crystal's counsel had previously, in September 2017 and in Crystal's reply in support of its
     initial summary judgment motion, stated that Crystal had not used Contour output for the ROTTR
26   game,████████████████████████████████████████████████████████████████████████████████████████
     However, at that time Crystal had not yet produced any documents or any witnesses for deposition to
27   support these equivocal statements.  Consequently, HBSS did not at that time have sufficient
     information upon which to base a determination that its continued representation of Rearden in this
28   action could result in a violation of the CRPC.  (Carlson Decl. ¶ 2)

1    HBSS were to remain as Rearden's counsel, it would likely be required to take discovery and make

2    arguments that detrimentally impact Microsoft's interests.  This on its own is sufficient, at this

3    juncture, to require HBSS's withdrawal.  *E.g., GATX/Airlog Co. v. Evergreen Intern. Airlines, Inc*., 8

4    F.Supp.2d 1182, 1188 (N.D. Cal. 1998) (law firm disqualified because "[t]he defenses MBP [law

5    firm] has and would assert, and discovery that MBP has and would conduct, for GATX [Client A]

6    against the other aircraft owners has also been and would be adverse to BNY's [Client B's]

7    interests."), *vacated on other grounds, GATX/Airlog Co. v. U.S. Dist. Court for Northern Dist. of*

8    *California*, 192 F.3d 1304 (9th Cir. 1999); *Richmond American,* No. C038779 at *11-12.  The

9    Court's July 12, 2019 order instructing the parties to present their positions regarding "whether the

10   incorporation by amendment of Rearden's theory regarding the E3 trailer, . . . requires the

11   amendment of Rearden's written complaint," (Dkt. No. 194, p. 19:10-13) highlights the problem:

12   any response by HBSS, on behalf of Rearden, would advance Rearden's interest at Microsoft's

13   expense (if the claim is asserted), or Microsoft's interest at Rearden's expense (if the claim is

14   abandoned), as it is in Microsoft's interest that the theory not be litigated at all.  HBSS must

15   therefore withdraw as counsel for Rearden.  *Richmond American,* No. C038779 at *11-12; *see*

16   *Rembrandt Technologies, LP v. Comcast Corp*., 2007 WL 470631, at *4 (E.D. Tex. Feb. 8, 2007)

17   (holding that a conflict existed where law firm represented patentee against various non-client

18   defendants, because the firm's advocacy of the position that adherence to an industry standard shows

19   infringement indicted all cable companies that follow the standard, including its other client (a cable

20   company): "The practical significance of Rembrandt's infringement theory is to indict for patent

21   infringement all major cable companies who follow the industry standards."  While HBSS might

22   arguably be permitted to inform the Court as to the bare fact of whether or not Rearden intends to

23   seek leave to amend, HBSS would be precluded from proffering any argument or explanation as to

24   why amendment is justified or, conversely, unnecessary, or from filing any papers in support of a

25   motion for leave to amend, as any acts that propel the E3 trailer theory forward are contrary to

26   Microsoft's interests.

27          Moreover, HBSS's dilemma is not cured by the fact that Rearden has not asserted any claim

28   against Microsoft in this action.  *Rembrandt Technologies*, 2007 WL 470631; *GATX/Airlog*, 8

1    F.Supp.2d at 1185 ("MBP argues that its representation was not adverse to BNY until BNY actually

2    filed suit against GATX.  This argument, however, lacks merit. . . . the strictures of Rule 3-310(C)

3    apply when a client is not a "party" to the matter."); Cal. State Bar Formal Opn. No. 2011-182

4    (serving a subpoena on a client is adverse to the client's interest); *Celgard, LLC v. LG Chem, Ltd.*,

5    594 Fed.Appx. 669 (Fed. Cir. Dec. 10, 2014) ("it is the total context, and not whether a party is

6    named in a lawsuit, that controls whether the adversity is sufficient to warrant disqualification.").

7         For the reasons set forth above, HBSS's continued representation of Rearden will likely result

8    in a violation of Rule 1.7(a).  Accordingly, the Court should grant HBSS leave to withdraw as

9    Rearden's counsel in this action.  CRPC 1.16(a)(2); *Yeager v. Yeager*, 2009 WL 1061514 (E.D. Cal.

10   June 9, 2009) (granting counsel's motion to withdraw on the ground, inter alia, of "an incurable

11   conflict of interest between its clients").

12   **C.    HBSS has taken Reasonable Steps to Avoid Reasonably Foreseeable Prejudice to
        Rearden.**

13        "A lawyer shall not terminate a representation until the lawyer has taken reasonable steps to

14   avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient

15   notice to permit the client to retain other counsel, . . . ."  CRPC 1.16(d) (asterisks omitted).

16        HBSS has taken reasonable steps to avoid foreseeable prejudice to Rearden.  (Graves Decl. ¶

17   4)  Among other things, HBSS gave Rearden specific notice of its intention to move for leave to

18   withdraw more than one month prior to filing this motion.  (Graves Decl. ¶ 3)  In addition, HBSS

19   will serve a redacted copy of this motion and its supporting papers directly on Rearden, and an

20   unredacted copy of these papers will be served on Frank Busch of Wagstaffe, von Loewenfeldt,

21   Busch & Radwick, LLP, who appeared as co-counsel for Rearden in this action on December 7,

22   2018, concurrently with the filing of this motion.  (Graves Decl. ¶ 6)  HBSS is constrained by its

23   duty of confidentiality to Rearden from providing the Court additional specific and general

24   information regarding the additional steps that it has taken to avoid prejudice to Rearden.

25   **D.    Granting HBSS Leave to Withdraw will not Prejudice Crystal, Harm the
        Administration of Justice or Result in Unreasonable Delay.**

26        There is no trial date in this action, the Court has not set a discovery or motion cut-off, and no

27   motions are currently pending.  (Graves Decl. ¶ 2)  No responses are due from Rearden to any

28

1  discovery served by Crystal.  (Graves Decl. ¶ 2)  HBSS gave Rearden more than adequate notice of

2  its intention to move for leave to withdraw, (Graves Decl. ¶ 3) and in a concurrently-filed motion is

3  requesting that the Court continue the September 13, 2019 deadline for the parties to present their

4  positions regarding the E3 infringement theory in order for Rearden to have sufficient time to secure

5  substitute counsel prior to addressing that issue.  Rearden will have sufficient time to engage new

6  counsel should it desire to do so, and there will be sufficient time for that lawyer to become familiar

7  with the case and the relevant issues.  Moreover, HBSS will continue to receive papers served on

8  Rearden, and will forward them to Rearden, until Rearden obtains substitute counsel.  N.D. Cal. L.R.

9  11-5(b).  Accordingly, granting HBSS leave to withdraw will not prejudice Crystal, harm the

10  administration of justice or result in unreasonable delay.  *See Yeager v. Yeager*, 2009 WL 1061514,

11  at *2 (E.D. Cal. June 9, 2009).

## IV.    CONCLUSION

13         Given the circumstances outlined above, this Court should grant HBSS leave to withdraw as

14  counsel for Rearden in this action and issue an order (i) terminating HBSS as counsel of record for

15  Rearden as of the date of the order; and (ii) requiring all parties to continue to serve papers on

16  Rearden through HBSS pending the appearance of substitute counsel for Rearden.


                                          HAGENS BERMAN SOBOL SHAPIRO

Dated: September 9, 2019          By:   */s/      Philip Graves*
                                          Philip Graves

                                          Steve W. Berman (pro hac vice)
                                          Mark S. Carlson (pro hac vice)
                                          HAGENS BERMAN SOBOL SHAPIRO LLP
                                          1301 Second Avenue, Suite 2000
                                          Seattle, WA 98101
                                          Telephone: (206) 623-7292
                                          Facsimile:  (206) 623-0594
                                          steve@hbsslaw.com
                                          markc@hbsslaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Philip Graves (CBA No. 153441)
HAGENS BERMAN SOBOL SHAPIRO LLP
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile:  (213) 330-7152
philipg@hbsslaw.com

Rio S. Pierce, CBA No. 298297
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
riop@hbsslaw.com

Attorneys for Plaintiffs
Rearden LLC and Rearden Mova LLC