# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# EUREKA DIVISION

REARDEN LLC, et al.,

Plaintiffs,

v.

CRYSTAL DYNAMICS, INC., et al.,

Defendants.

Case No. 17-cv-04187-JST (RMI)

**ORDER**

Re: Dkt. No. 203

Before the court is a Motion for Leave to Withdraw as Counsel for Plaintiffs, filed by Hagens Berman Sobol Shapiro LLP ("HBSS") (dkt. 203). Plaintiffs, Rearden LLC and Rearden Mova LLC (collectively, "Rearden") have filed an Opposition (dkt. 209) to the Motion and Defendant Crystal Dynamics ("Crystal") has filed a Response (dkt. 216). For the reasons that follow, the court will grant the Motion.

*Procedural Background of the Motion*

HBSS filed the instant Motion in September of 2019, asserting that it was ethically obligated to withdraw as counsel in this action due to its current representation of another client, the Microsoft Corporation. *See generally*, HBSS's Mot. (dkt. 203). On October 3, 2019, the Motion was referred to the undersigned for resolution. *See* Order (dkt. 222). The undersigned held a hearing on the Motion on October 16, 2019, and deferred ruling on the Motion for 60 days to allow Rearden to engage new counsel. *See* Min. Entry (dkt. 227). On November 12, 2019, Rearden filed an Administrative Motion (dkt. 231) to modify the protective order, to aid in its search for new counsel. The undersigned held a hearing on the matter at which Rearden withdrew its request and entered into a stipulation with Defendants regarding the sharing of confidential

information with any proposed replacement counsel and allowing Rearden an extension of time in which to find replacement counsel. *See* Order and Stip. (dkt. 239). On January 30, 2020, Rearden filed a Notice (Dkt. 240) indicating that they had been unable to secure replacement counsel. The undersigned held a second hearing on the matter on February 26, 2020.

### *Legal Standard*

> "Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil Local Rule 11-5(a). Civil Local Rule 11-4(a)(1) requires compliance with the standard of professional conduct required of members of the State Bar of California. *See also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

*Booth v. Strategic Realty Tr., Inc.*, No. 13-CV-04921-JST, 2015 WL 12791526, at *1 (N.D. Cal. Jan. 8, 2015). Pursuant to California Rule of Professional Conduct 1.7 "(a) A lawyer shall not, without informed written consent from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter." CA ST RPC Rule 1.7. "Factors which courts consider in ruling on a motion to withdraw include: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Booth*, 2015 WL 2791526, at *1 (quoting *Riese v. Cnty. of Del Norte*, 12-CV-03723-WHO, 2013 WL 6056606 (N.D. Cal. Nov. 14, 2013) (citing *Canandaigua Wine Co., Inc. v. Edwin Moldauer*, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141 (E.D. Cal. Jan. 14, 2009)). "The decision to permit counsel to withdraw is within the sound discretion of the trial court." *Id*. (quoting *BSD, Inc. v. Equilon Enterprises, LLC*, No. 10-5223 SBA, 2013 WL 942578 (N.D. Cal. Mar. 11, 2013) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)).

### *Discussion*

HBSS has moved to withdraw from this action based on a "disabling" conflict, wherein, HBSS asserts that it is ethically obligated to withdraw because "continuing to represent Rearden against [Crystal] would require HBSS to pursue discovery, make arguments and attempt to prove a case that is directly adverse to another longtime client of the firm – Microsoft Corporation."

HBSS's Mot. (dkt. 203) at 6. In summary, HBSS explains the conflict as follows:

> Rearden alleges that Crystal vicariously infringed its copyright in Rearden's Contour software as a result of Digital Domain 3.0's ("DD3's") use of Contour in connection with production of the Rise of the Tomb Raider ("ROTTR") game and its promotional materials. [REDACTED PORTION].[1] The Court denied Crystal's motion as to Rearden's claim for vicarious infringement, but ordered the parties to submit their arguments as to whether Rearden's First Amended Complaint ("FAC") encompasses a theory of liability based on the E3 trailer. So, were HBSS to remain as Rearden's counsel, it would be required to respond to the Court's order by either arguing that the FAC covers a claim involving the E3 trailer or that an amendment is required and warranted. HBSS would then be required to pursue discovery, make arguments and attempt to prove, among other things, that DD3 in fact used Contour in connection with production of the trailer and that there was a causal nexus between the use of Contour to produce the trailer and profits on sales of the game. [REDACTED PORTION]. Therefore, HBSS must withdraw as counsel for Rearden in this action.

*Id.*[2]

In evaluating the four factors as set forth above, the court finds that HBSS's Motion to withdraw is due to be granted. First, as to the reasons why withdrawal is sought, HBSS points to the California Rules of Professional Conduct which requires that "[a] lawyer shall not, without informed written consent from each client and compliance with paragraph (d), represent a client if the representation is directly adverse to another client in the same or a separate matter." CA ST RPC Rule 1.7. HBSS asserts that its remainder in the case would result in representation that is directly adverse to Rearden or Microsoft's interests. Rearden, through other retained counsel, argues that HBSS's motion is premature because "Microsoft has no direct stake in this case whatsoever," and that simply because there is a "possibility that HBSS's work product in this case could later be used by Rearden to help it sue Microsoft in the future, that possibility is insufficient to trigger an ethical obligation to withdraw under Rule 1.7." Rearden's Resp. (dkt. 218) at 5. However, HBSS's assertion is more than that. HBSS states that "[i]f it remains as Rearden's counsel, HBSS must either (1) pursue discovery and argue that Rearden's copyright in the Contour

---

[1] Certain portions of HBSS's publicly filed briefings were redacted. In order to retain the public's access to this document, the court will exclude those portions from the quotations in this order. However, part of the court's analysis relies on the information contained within the redacted portions of the quotes.

[2] To be clear, HBSS does not seek to withdraw as Rearden's counsel in the three other actions it has pending in this court: *The Walt Disney Company, et al.*, Case No. 17-cv-4006, *Twentieth Century Fox Film Corporation, et al.*, Case No. 17-cv-4191, or *Paramount Pictures Corporation, et al.*, Case No. 17-cv-4192. *See Id.* at n.1.

3

software was infringed in the production of the E3 2014 promotional trailer for the Rise of the Tomb Raider ("ROTTR") game and that the infringement caused profits from exploitation of ROTTR to be higher than they would otherwise have been (adverse to Microsoft, which purportedly commissioned production of the trailer), or (2) decline to pursue that theory (adverse to Rearden)." HBSS Rep. (dkt. 219) at 4. In other words, at this point in the case, HBSS believes the conflict is already upon us. As HBSS states, any response by HBSS, on behalf of Rearden, to Judge Tigar's "July 12, 2019 order instructing the parties to present their positions regarding 'whether the incorporation by amendment of Rearden's theory regarding the E3 trailer, . . . requires the amendment of Rearden's written complaint,' (Dkt. No. 194, p. 19:10-13), would advance Rearden's interest at Microsoft's expense (if the claim is asserted), or Microsoft's interest at Rearden's expense (if the claim is abandoned)." HBSS's Mot. (dkt. 203) at 11. Therefore, whether an amendment of Rearden's complaint is necessary, or would be allowed, is not relevant to the determination of whether there is a conflict, because it is the pursuit of the argument that creates the adverse interests.[3]

It is also important to note that HBSS asserts that it "can only identify the above general information and CRPC 1.7(a) as justification for withdrawal. There are additional specific facts upon which HBSS could rely, but for its duties to Rearden." HBSS's Mot. (dkt. 203) at 10. "[T]he limited detail provided does not prevent the Court from finding good cause based on Counsel's assertion: when 'the duty not to reveal confidences prevent[s] counsel from further disclosure and the court accept[s] the good faith of counsel's representations, the court should . . . permit withdrawal.'" *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *2 (C.D. Cal. Oct. 8, 2019) (quoting *Aceves v. Superior Court*, 51 Cal. App. 4th 584, 592 (1996)); *see also Page v. Stanley*, 2014 WL 2472248, at *2, n.3 (C.D. Cal. June 2, 2014) ("While plaintiff's counsel do not provide significant detail regarding the factual basis for this conflict and breakdown, the Court recognizes that plaintiff's counsel is obligated to 'not reveal [their client's] confidences.'").

---

[3] The court also notes that Crystal has explicitly stated that "if Rearden is given leave to amend its complaint to include the Microsoft E3 trailer, Crystal intends to implead Microsoft into the case." Crystal's Supp. Resp. (dkt. 221) at 2. While that may only be evidence of a potential conflict, it illustrates Microsoft's relationship to this litigation and supports HBSS's claims of divergent interests.

4

As to the second factor, the prejudice withdrawal may cause to other litigants, as Crystal has made clear, they would like this issue resolved and has requested that "this Court grant HBSS' motion so this case can proceed in due course." Crystal and Non-Party Square Enix, Inc's Resp. (dkt. 241) at 2. As for the third and fourth factors, the administration of justice and the degree to which withdrawal will delay the resolution of the case, Rearden has asserted that it has been unable to find replacement counsel in the 160+ days since the filing of the Motion and that it would be left without counsel if the Motion is granted. As it stands right now, even with HBSS out of the case, Rearden has counsel of record, Wagstaffe, von Loewenfeldt, Busch & Radwick LLP ("Wagstaffe"). Wagstaffe indicated at the hearings that it would not be representing Rearden in this matter outside of this Motion, and that they were a four-person firm that does "narrow work." The court will note that counsel for Wagstaffe filed a notice of appearance (dkt. 119) in this case in December of 2018, ten months *prior* to the filing of the instant Motion. Regardless, while HBSS's withdrawal has the potential to harm the administration of justice, since Rearden is not permitted to appear *pro se*, the court finds that on balance the administration of justice is served by allowing the withdrawal of counsel who are conflicted. *See e.g. Booth*, 2015 WL 12791526 at *2 (granting motion to withdraw by defendants' attorney even where as a result "it is unclear whether Plaintiff will be able to certify a class and obtain class-wide damages against the [] Defendants if they remain unrepresented."). If Wagstaffe cannot, or will not, represent Rearden in this matter and Rearden does not find replacement counsel, then the granting of the Motion to Withdraw will not result in any delay to the resolution of this case, in fact, quite the opposite.

Accordingly, for the reasons stated above, the Motion to Withdraw is GRANTED. Because Rearden currently has counsel of record who are not conflicted, and can receive service through them, the court finds that it would be inappropriate to impose service requirements on HBSS.

Further, for good cause shown, it is ORDERED that the administrative motions to file under seal (dkts. 204 & 220), are GRANTED.

Within the body of its Response to the Motion to Withdraw (dkt. 216), Crystal requests that the court retain jurisdiction "for purposes of any later motion by Crystal or former defendant Square Enix for fees, costs, or other appropriate remedies or sanctions." Crystal's Resp. (dkt. 216)

5

at 10. The issue referred to the undersigned was the Motion to Withdraw. The undersigned does not find it appropriate to make a determination about the contours of Judge Tigar's jurisdiction in this matter. Accordingly, Crystal is instructed to raise this issue separately before Judge Tigar if it so desires.

**IT IS SO ORDERED.**

Dated: February 27, 2020

ROBERT M. ILLMAN
United States Magistrate Judge