JOSHUA M. MASUR  (SBN 203510)
 jmasur@zuberlawler.com
**ZUBER LAWLER LLP**
2000 Broadway Street, Suite 154
Redwood City, California 94063
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Plaintiffs Rearden LLC and
Rearden Mova LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, California limited liability companies,<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL DYNAMICS, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 4:17-cv-4187-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Jon S. Tigar<br>CMC Date: March 29, 2022<br>Time: 2:00 p.m. |

Pursuant to the March 16, 2022 Clerk's Notice Setting a Further Case Management Conference (Dkt. 280) and Civil Local Rule 16-10(d), Plaintiffs Rearden LLC and Rearden Mova LLC ("Rearden") and Defendant Crystal Dynamics, Inc. ("Crystal") submit the following Joint Case Management Statement, reporting progress or changes since the last Joint Case Management Statement was filed on October 31, 2018 (Dkt. 114):

**A.    Plaintiff's Statement of Procedural History and Case Status**

Plaintiff's statement presumes familiarity with the case history, but identifies certain significant procedural events.  Defendant, which is not involved in many of the cases described below, does not join in and doubts Plaintiff's recitation of the procedural history.

On July 31, 2017, the Court determined that this case and three others brought by Rearden – against The Walt Disney Co. et al (Case No. 17-cv-04006; "Disney"), against Twentieth Century Fox Film Corp. et al (Case No. 17-cv-04191; "Fox"), and against Paramount Pictures Corp. et al (Case No. 17-cv-04192; "Paramount") (collectively, the "Studio Cases") – were related to *Shenzhenshi Haitiecheng Science and Technology v. Rearden LLC*, Case No. 4:15-cv-00797-JST (the "SHST case").

On June 19, 2018, the Court granted Plaintiff leave to file a subpoena to Digital Domain 3.0, Inc. ("DD3") jointly in this case and in the Studios Cases. (Dkt. 84).

On April 10, 2019, the Court granted a Motion to Enforce Judgment in the SHST Case (Case No. 15-cv-00797, Dkt. 521), which resulted in the appointment of a Special Master who has supervised what has become a multi-year process, still ongoing, to recover Plaintiff's MOVA Assets from DD3. Since virtually all of the returnable MOVA Assets were also responsive to the subpoena demands, the forensic recovery also revealed that DD3 had produced only a small fraction of the documents responsive to the subpoena.

On July 12, 2019, the Court granted in part and denied in part Defendant's renewed motion for summary judgment. (Dkt. 201).

On February 27, 2020, the Court granted Plaintiff's prior counsel leave to withdraw. (Dkt. 248). The undersigned counsel for Plaintiff appeared on March 10, 2020. (Dkt. 253).

On April 1, 2020, Plaintiff filed its Second Amended Complaint. (Dkt. 263). After the Court granted Defendant's motion to dismiss on October 8, 2020 (Dkt. 271), Plaintiff filed its Third Amended Complaint on March 2, 2021 (Dkt. 276), which Defendant answered on March 16, 2021 (Dkt. 278).

On February 28, 2022, the Disney and Fox defendants were granted leave to file motions for reconsideration of the Court's order on their motions for summary judgment on the "Causal Nexus Issue." (Case No. 14-cv-4006, Dkt. 299). Briefing on those motions is in process, with replies due on March 25, 2022.

**B.      Proposals for Remainder of Case Development Process**

Plaintiff's Position:  Plaintiff respectfully suggests that, after the Court has resolved the motions for reconsideration brought by the Disney and Fox defendants, the Court set a coordinated Case Management Conference to discuss scheduling for this case and the Studio Cases.  Plaintiff represents that it is its present understanding and belief that most discovery it intends to seek in this case is in the possession, custody, and control of third parties – particularly DD3 and individuals affiliated therewith – and that much of that third-party discovery that is relevant to this case is also relevant to one or more of the Studio Cases and thus far has been collected jointly. Further, the Special Master's identification of the deficiencies in DD3's subpoena production applies equally to the Studio cases and this case.  Particularly assuming that the Court decides the Disney and Fox motions for reconsideration shortly after briefing is complete, as appears to be this Court's practice, a coordinated Case Management Conference will not create a substantial delay, and will significantly improve efficiency for the parties, third-parties, and this Court itself.

Defendant's Position:  Defendant agrees that a schedule should not be set in this case until the Court resolves the pending motions for reconsideration in the Studio Cases.  Defendant objects to coordination of this case with any of the Studio cases.  The Court recognized at the November 11, 2018 Case Management Conference that the Crystal case had different issues than the Studios cases and therefore untethered it.   Defendant further disagrees to the extent that Plaintiff is suggesting that the Special Master's findings in the SHST case are binding on this case, that there are discovery deficiencies, or that the SHST Special Master proceedings has any bearing on this case. Moreover, the Studios and the Crystal Dynamics cases are in different discovery stages. Coordination, therefore, will likely lead to inefficiencies given this difference.

**C.      Settlement and ADR**

Plaintiff's Position: Plaintiff requests that the Court refer this case to a magistrate judge for a settlement conference, where the parties shall be represented by executives who are sufficiently high-level that they have full authority to enter a meaningful settlement.  Due to ongoing pandemic concerns, Plaintiff expects that the settlement conference would be held via Zoom, but in the event that the District and the assigned magistrate judge were to resume in-person

1  settlement conferences, Plaintiff respectfully requests that the conference be held by Zoom
2  nonetheless, to facilitate selection of optimal participants based on authority rather than logistical
3  concerns.
4        Defendant's Position:  Defendant is agreeable to referral to either a magistrate judge or to a
5  private mediator for ADR purposes.  Defendant has been represented at prior ADR conferences by
6  individuals with full authority to enter a meaningful settlement, and will continue to do so at any
7  future ADR sessions, but Defendant does not believe that a particular employee title is necessary
8  to facilitate settlement.  Defendant does not object to participating in the ADR session via remote
9  video conference.

Dated:  March 22, 2022                ZUBER LAWLER LLP

                                    By: */s/ Joshua M. Masur*
                                         Joshua M. Masur
                                         Attorneys for Plaintiffs
                                         Rearden LLC and Rearden Mova LLC

Dated:  March 22, 2022                RIMON, P.C.

                                    By: */s/ Karineh Khachatourian*
                                         Karineh Khachatourian
                                         Nikolaus A. Woloszczuk
                                         Oren J. Torten
                                         Attorneys for Defendant
                                         Crystal Dynamics, Inc.