KXT LAW, LLP
Karineh Khachatourian (SBN 202634)
karinehk@kxtlaw.com
Rachael C. Chan (SBN 265002)
rachael@kxtlaw.com
Oren J. Torten (SBN 332720)
oren@kxtlaw.com
1775 Woodside Road, Suite 204
Redwood City, California 94061
Telephone: 650-239-0420
Facsimile: 650-249-5013

Attorneys for Defendant,
CRYSTAL DYNAMICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, California limited liability companies,<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL DYNAMICS, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 17-cv-04187-JST<br><br>**CRYSTAL DYNAMICS, INC.'S OPPOSITION TO REARDEN'S ADMINISTRATIVE MOTION TO RELY ON SETTLEMENT DISCUSSIONS**<br><br>The Hon. Jon S. Tigar |

## I. INTRODUCTION

Rearden LLC's and Rearden MOVA LLC's ("Rearden" or "Plaintiffs") motion for leave to disclose unspecified confidential settlement communications between it and Crystal Dynamics, Inc. ("Crystal") (Crystal and Rearden are the "Parties") in opposition to Crystal's motion for fees should be denied. As Rearden acknowledges (Mot., at 2:26-3:5), ADR Local Rule 7-4(a) prohibits disclosure of "confidential information" to anyone "in connection with any settlement conference." As demonstrated below, Rearden's request is not only a moving target but also fails to identify a time period or the categories of the "confidential information" it wants to disclose. Moreover, Rearden requests vague and contradictory relief that amounts to an impermissible advisory opinion. Whatever Rearden is asking for, the Parties' discussions were never Rule 408 settlement negotiations alone, but an extension of the two settlement conferences presided over by Judge Beeler (the "Conferences"). Indeed, Rearden seeks to have full license to disclose whatever it wants, without addressing that the Parties' communications referred to and quoted from the written settlement statements and discussions at the Conferences, or how the Parties mention Judge Beeler before, during, and after the two Conferences. Rearden does not even provide a representation under the penalty of perjury that it believed these unspecified negotiations were Rule 408 negotiations alone. What Rearden is asking the Court to do is give it absolute discretion to cherry-pick and decide what can be disclosed without notice to Crystal. Crystal is simply seeking its fees for having to defend a meritless lawsuit. Disclosing piecemeal settlement negotiations from June 2022 through November 14, 2023 (what Rearden identified during meet and confer) does not absolve Rearden of its conduct over the seven years it litigated this case. All Crystal is trying to do here is pin Rearden down on what it is seeking to disclose to avoid unfair surprise, allow Crystal to seek relief if necessary in response, and keep the agreed briefing schedule and June 20, 2024 hearing date. In one case in this District, the issue of whether settlement negotiations could be disclosed was litigated for a year. Crystal is not interested in litigating this side issue. Rather Crystal wants its fees motion decided expeditiously. For the reasons discussed below, the Motion should be denied.

## II. STATEMENT OF FACTS

On March 29, 2022, the Court referred this action to Magistrate Judge Beeler for a settlement conference, held on April 27, 2022 ("First Conference"). Dkts. 283, 290. The First Conference was held open. Dkt. 292 ("[t]he parties informed the Court they will be having additional discussions about settlement with Judge Beeler"). The Parties continued settlement discussions through 2022 and 2023. Declaration of Karineh Khachatourian ("KK Decl.") ¶ 3. Crystal did so in good faith under the belief the ADR Rules applied. *Id*. ¶ 6. Both Parties communicated with Judge Beeler and each other outside the First Conference. *Id*. ¶ 3. In fall 2023, the Parties came close to settling, but failed to agree on certain terms, the nature of which the Parties did not disclose in court filings. *E.g.*, Dkt. 316. The Court ordered a second settlement conference ("Second Conference"), held on January 11, 2024, to help resolve the impasse. Dkt. 320. The case did not settle, and the Second Conference was held open, with Judge Beeler "offer[ing] a proposal for a path going forward and assistance if the parties want it." Dkt. 322-1. After, the Parties kept negotiating and emailing Judge Beeler (KK Decl. ¶ 5), including on January 16 and February 1, 2024, and until Rearden sought dismissal on March 5, 2024 (Dkt. 329).

## III. ARGUMENT

### A. Rearden Seeks an Advisory Opinion Which Must be Denied

Courts may not issue advisory opinions on hypothetical issues. *See, e.g.*, *McKnight v. Uber Techs., Inc.*, 2022 WL 19975447, at *3 (N.D. Cal. Sept. 13, 2022). First, Rearden's Proposed Order ("PO") asks the Court to order the Parties not to disclose settlement communications "in connection with any settlement conference." Dkt. 347-2, at 1:22-26. This asks the Court to restate Rule 7-4(a) and invites uncertainty. Since Rearden has not told the Court categories of communications it seeks to disclose, the ruling sought will inevitably lead to disagreement over what constitutes "in connection with." Second, the timeframe the PO purports to define as *not* covered by Rule 7-4(a) – beginning with "the conclusion of the communications among counsel ordered by Magistrate Judge Beeler, Dkt. 290" and ending with "the Court's November 20, 2023 Amended Scheduling Order" – is unclear. PO, at 2:24. The PO gives no actual date range. Rearden refuses to simply provide hard dates for the communications it wants to disclose, even though

2

CRYSTAL DYNAMICS, INC. OPPOSITION TO REARDEN'S ADMINISTRATIVE MOTION TO RELY ON SETTLEMENT DISCUSSIONS; CASE NO. 17-CV-04187-JST

1  Rearden finally provided them in meet and confer on April 18. Ex. 1. The Motion does not clarify,
2  instead labels the purported timeframe "an exemplary but non-limiting application." Mot., at 5:9-
3  15 (timeframe should conclude at "the Court's November 20, 2023 Amended Scheduling Order,
4  which set a January 31, 2024 mediation deadline, Dkt. 318 at 1."). Even worse, Rearden's first
5  relief sought (the Court should confirm "anything that was said … in connection with any
6  settlement conference" is confidential) contradicts its second relief sought (the Court should allow
7  communications from a unspecified time period) because the Parties communicated with Judge
8  Beeler outside of the Conferences, and referenced the Conference statements and conference
9  discussions during negotiations. KK Decl. ¶ 3. Third, regardless of whether the Court determines
10 the ADR Rules apply (they do), or Federal Rule of Evidence 408 applies as urged by Rearden
11 (Mot., at 4:1-3), Rearden has not met its burden to introduce any communications under either
12 theory, not even attempting to show that the "manifest injustice" exception (*see Jones v. Metro.
13 Life Ins. Co.*, 2010 WL 4055928, at *8 (N.D. Cal. Oct. 15, 2010)) applies, or that the Court should
14 allow disclosure under FRE 408.

15         **B.**        **The Conferences were Held Open and Thus are Covered by Rule 7-4(a)**

16         Where settlement communications "are continuing" between the parties after a settlement
17 conference, those communications are protected by Rule 7-4(a). *Shields v. Fed. Int'l de Natation*,
18 2022 WL 298575, at *2 (N.D. Cal. Feb. 1, 2022). In *Shields*, the defendant argued the
19 communications it disclosed were not governed by Rule 7-4(a) because they occurred between the
20 parties after settlement conference proceedings ended. *Id*., at *2-3. The Court rejected this
21 argument in part because the settlement judge's docket entry after the conference stated that
22 settlement communications were continuing. *Id*. In contrast, the FRE 408 cases submitted by
23 Rearden are inapplicable. *Hydros Bottle LLC v. Stephen Gould Corporation* involved no court-
24 sponsored ADR proceedings, and involved a FRCP Rule 68 offer of judgment. 2017 WL 3453350,
25 at *2, 6 (N.D. Cal. Aug. 10, 2017). Rearden's other cases either (i) originated in other districts
26 with different local rules without comparable, or any, confidentiality to settlement conferences
27 (*Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011); *Greg Young Publishing Inc. v. Zazzle,
28 Inc.*, 2018 WL 1626053, at *3 (C.D. Cal. Mar. 21, 2018); *SellPoolSuppliesOnline.com LLC v.*

1  *Ugly Pools Arizona Inc.*, 2019 WL 1118206, at *5 and n.4 (D. Ariz. Mar. 11, 2019)); (ii) involved a Rule 68 offer (*Greg Young*, 2018 WL 1626053, at *1); or (iii) did not analyze application of the ADR Rules (*see generally Greg Young*; *Ingram*; *Ugly Pools*).

Like in *Shields*, Rule 7-4(a) applies. First, the Conferences were held open, as reflected in statements on the docket. *See Shields*, 2022 WL 298575, at *2. On June 7, 2022, the Court issued the following minute order: "[t]he parties informed the Court they will be having additional discussions about settlement with Judge Beeler" (Dkt. 292), indicating everyone, including the Parties and the Court, understood the First Conference was continuing. *See also* Dkt. 291, at 2:10-13 (Rearden admitting the First Conference "was not immediately successful, but per Judge Beeler's instruction, Plaintiffs provided additional information. The parties have continued discussions since, and expect to advise Judge Beeler regarding the status of those discussions before the Case Management Conference"). And a January 16, 2024, minute order on the Second Conference stated: "[c]ase did not settle but the court offered a proposal for a path going forward and assistance if the parties want it." Dkt. 322-1. Second, Rearden takes too narrow a view of Rule 7-4(a) and case law, appearing to argue nothing is covered by the ADR Rules unless it is said or done in front of the settlement judge. *See, e.g.*, Mot. at 2:26-3:5. Rearden's position is contrary to public policy favoring settlement of disputes by generally requiring confidentiality. *See Shields*, 2022 WL 298575, a *3. Third, the Parties always *believed* their settlement communications between the Conferences, and after the Second Conference, were protected by the ADR Rules, as indicated by their statements and conduct. KK Decl. ¶ 6. For instance, the Parties did not disclose the substance of their negotiations from Fall 2023 to Winter 2024 in any Court filings. *See, e.g.*, Dkt. 316, at 1:24-26 (the parties "have reached an impasse on *one material term*") (emphasis added). Also, the Parties repeatedly contacted Judge Beeler before and after the Conferences. KK Decl. ¶¶ 3, 5. And, Rearden submits no declaration to the contrary. Fourth, the request for an order to settlement conference (Dkt. 316) was procedural, following Court rules for calendaring with Judge Beeler (L.R. 16-8(d)(2)) and to push the continuing First Conference over the finish line. Without a court order, the magistrate judges at that time were scheduling settlement conferences at least 120 days out.  KK Decl. ¶ 4.

### C. Crystal Requested that Rearden File this Motion because it is Required Under the ADR Rules and Case Law, and to Protect the June 20 Hearing Date

Rearden attempts to paint Crystal as a bad actor, arguing Crystal extracted this Motion from Rearden in exchange for agreeing to an extension for Rearden's opposition ("Opposition") to Crystal's fees motion. Mot., at 1:21-27. Crystal was just following applicable law requiring parties to seek leave to disclose settlement communications protected by the ADR Rules. Crystal was also seeking to preserve the June 20th hearing date and agreed briefing schedule for its fees motion to avoid a protracted side litigation on the admissibility of settlement negotiations. Rearden initially requested a one-month extension for its Opposition (six weeks total) because Rearden's counsel was busy and traveling to Belize on May 1. Ex. 1. Crystal tried to reasonably accommodate, but was concerned because Rearden indicated it may unilaterally disclose settlement communications without permission. Ex. 1. "The local rules do not provide that an attorney in his discretion may unilaterally decide not to follow certain rules … ." *Shields*, 2022 WL 298575, at *1. A party must first seek permission for disclosure from the settlement judge or Court, and parties who fail to do so are admonished. *Id*. (unilateral disclosure of settlement communications protected by Rule 7-4(a) was "egregious" and "damaged the entire ADR program of the Northern District of California and thus the administration of justice"); *Dixon v. City of Oakland*, 2014 WL 6951260, at *6 (N.D. Cal. Dec. 8, 2014) ("[T]he court strenuously admonishes the parties for disclosing confidential information regarding the parties' positions in their settlement discussions."); *ADR L.R. 6-12*, commentary; *Jones*, 2010 WL 4055928, at *8, 11-12, n.11. Here, unilateral disclosure of the settlement communications would force Crystal to file a motion to strike and spark side litigation not on the merits. Crystal does not want a situation like in *Jones*. 2010 WL 4055928, at *1-3 (year of litigation over one party's counsel's unilateral disclosure of settlement communications).

### IV. CONCLUSION

For the reasons above, the Court should deny Rearden's Motion.

5

CRYSTAL DYNAMICS, INC. OPPOSITION TO REARDEN'S ADMINISTRATIVE MOTION TO RELY ON SETTLEMENT DISCUSSIONS; CASE NO. 17-CV-04187-JST

1 | Dated: April 23, 2024

Respectfully submitted,

KXT LAW, LLP

By: /s/ *Karineh Khachatourian*
Karineh Khachatourian
Rachael C. Chan
Oren J. Torten

Attorneys for Defendant,
CRYSTAL DYNAMICS, INC.