JOSHUA M. MASUR  (SBN 203510)
  *jmasur@zuberlawler.com*
**ZUBER LAWLER LLP**
2000 Broadway Street
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

Attorneys for Plaintiffs Rearden LLC and
Rearden Mova LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, California limited liability companies,<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL DYNAMICS, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 4:17-cv-4187-JST<br><br>**PLAINTIFFS' OBJECTIONS TO CRYSTAL DYNAMICS, INC.'S BILL OF COSTS**<br><br>**[Dkt. 333]**<br><br>*Filed concurrently with Declaration of Joshua M. Masur* |

## I.     Introduction

Because Crystal Dynamics did not file its Bill of Costs (Dkt. 333) within the 14 days required by Civil Local Rule 54-1(a), it should be rejected in its entirety.  But even if the Bill of Costs were timely, the bulk of costs claimed by Crystal violate the Supreme Court's holding in *Rimini Street, Inc. v. Oracle U.S., Inc.*, 139 S. Ct. 873 (2019), that the Copyright Act does not "authorize[] a court to award litigation expenses beyond the six categories of 'costs' specified by Congress in the general costs statute." *Id.* at 876.  In particular, precedent and common sense dictate that Crystal may not recover duplicative costs for a deposition transcript and video, "Rough Draft ASCII" costs, or electronic discovery vendor litigation support service fees.

Crystal's claimed costs should be denied, or at least reduced, accordingly.

## II. Legal Standards

"Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* Civ. L.R. 54-1(a) ("No later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs").

"Fed. R. Civ. P. 54(d)(1) … 'creates a presumption in favor of awarding costs to a prevailing party.'" *Rice v. City & Cnty. of San Francisco*, No. 19-CV-04250-LB, 2024 WL 1382457, at *1 (N.D. Cal. Mar. 31, 2024) (quoting *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000)).  Nonetheless, "the burden first rests with the prevailing party to demonstrate the amount of costs that are taxable…." *Pacific Coast Bldg. Prod., Inc. v. CertainTeed Gypsum, Inc.*, No. 18-CV-00346-LHK, 2019 WL 8137133, at *2 (N.D. Cal. Dec. 5, 2019) (citing *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1364, 1367 (Fed. Cir. 2011) and Civ. L.R. 54-1(a) (requiring "[a]ppropriate documentation to support each item claimed")). "A district court has discretion to deny costs, but it must specify its reasons for doing so…. Inflated costs sometimes result in 'diminished award[s]' and sometimes result in denying taxable costs altogether." *Rice*, 2024 WL 1382457, at *1 (citing *Mexican-Am. Educators*, 231 F.3d at 591-92; *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003); *Jansen v. Packaging Corp. of Am.*, 898 F. Supp. 625, 629 (N.D. Ill. 1995)).

As set forth in *Rimini Street*:

> The six categories that a federal court may award as costs are:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

139 S. Ct. at 877, n. 1 (quoting 28 U.S.C. § 1920).

"The Copyright Act gives federal district courts discretion to award 'full costs' to a party in copyright litigation." *Id.* at 875-76 (quoting 17 U.S.C. § 505). "'[F]ull costs' … means the costs specified in the general costs statute, §§ 1821 and 1920." *Id.* at 881. Section 505 does not "authorize[] a court to award litigation expenses beyond the six categories of 'costs' specified by Congress in the general costs statute." *Id.* at 876.

### III.  Crystal's Bill of Costs Should Be Denied As Untimely

Crystal sought, Rearden did not oppose, and on March 7, 2024, the Court ordered that "Crystal shall have 30 days from the entry of this order to bring any *motion* for costs *and* fees" – a motion, not a bill, and for both costs and fees. Dkt. 332 at 2 (emphasis added). Crystal did not request, and the Court did not order, any extension of the 14 days within which the Local Rule required that Crystal "must serve and file a *bill* of costs." Civ. L.R. 54-1(a) (emphasis added).

The Copyright Act contemplates that a prevailing party may seek fees and costs in a single document, by granting discretion to "award a reasonable attorney's fee to the prevailing party *as part of the costs*." 15 U.S.C. § 505 (emphasis added); *see also, e.g.*, *Lowery v. Rhapsody Int'l, Inc.*, No. 16-cv-1135-JSW-JSC, Dkt. 208 (N.D. Calif., Jun. 12, 2020) (single motion for, *inter alia*, "attorneys' fees, [and] reimbursement of costs"). Yet Crystal chose not to file a single motion covering both costs and fees. Instead, it chose to file a separate bill of costs, and a motion for fees (Dkt. 336), without seeking an extension for its deadline to file a bill of costs.

Crystal's failure to comply with Civil Local Rule 54-1(a)'s strict requirement that "[n]o later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs *must* serve and file a bill of costs" (emphasis added) mandates denial.

### IV.  Crystal's Duplicative Deposition Transcript and Videography Costs Are Not Recoverable under Civil Local Rule 54-3(c)(1)

For its August 24, 2023 deposition of Stephen Perlman, Crystal requests "costs for one hard copy of the transcript, for one video recording of the deposition, and for reproduction of the exhibits." Dkt. 333-1 (Khachatourian Decl.), ¶ 4 (citing Dkt. 333-2).

Form CAND 133, the Bill of Costs Form, suggests that the cost of a "Deposition transcript/video recording" is recoverable under Civil Local Rule 54-3(c)(1). *See* Dkt. 333 at 1.

The referenced Local Rule permits recovery of "[t]he cost of an original and one copy of any deposition (including videotaped depositions)."

Rearden submits that Civil Local Rule 54-3(c)(1) must be interpreted in light of Federal Rule of Civil Procedure 30(b)(3)(A), which provides that "deposition … testimony may be recorded by audio, audiovisual, *or* stenographic means." (Emphasis added.) The Advisory Committee Notes on the 1993 Amendment explicitly recognize that "[a] party [may] choos[e] to record a deposition only by videotape or audiotape." The Local Rule certainly contemplates recovery of the cost of "an original and one copy of" a videotaped deposition if that is the *only* recording method. But the reference to "an original and one copy" is instructive: Creating an original requires effort and expense that creating a copy does not. Interpreting the Local Rule to permit recovery of the cost of creating *both* the transcript *and* the videotape would, in effect, allow recovery of the cost of *two originals*, not an original and a copy.

As Judge Hamilton has held:

> the cost of only one method of recording the deposition is allowable. Federal Rule of Civil Procedure 30 authorizes videotaped depositions as an alternative to traditional stenographed depositions, and provides that the noticing party bears the recording costs. *See* Fed.R.Civ.P. 30(b)(3) (A)-(B). Local Rule 54-3 shifts the burden of payment to the non-prevailing party. However, the word "copy" in the local rule refers to a "copy" of the "original," whatever form that may take. Thus, in the present case, [the prevailing party] may recover the cost of an original transcript and one copy – or the cost of a videotape, plus one copy.

*Pierson v. Ford Motor Co.*, No. C 06-6503 PJH, 2010 WL 431883, at *4 (N.D. Cal., Feb. 2, 2010).[1]

---

[1] The Federal Circuit, discussing *Pierson*, has noted that "district courts in the Northern District of California have reached divergent results interpreting Local Rule 54–3(c)(1) on whether the court can tax both the written transcript and the video of a deposition." *In re Ricoh Co., Ltd. Pat. Litig.*, 661 F.3d 1361, 1370 n. 5 (Fed. Cir. 2011). Rearden acknowledges that the precedent is not uniform, but notes that other courts in this district and circuit have also held that, under *Rimini Street*, "deposition videography" costs are not recoverable. *See, e.g.*, *Lowery v. Rhapsody Int'l, Inc.*, No. 16-cv-1135-JSW-JSC, Dkt. 258 at 18 (N.D. Calif., Sept. 20, 2021) (quoting *Arcona, Inc. v. Farmacy Beauty, LLC*, No. 2:17-cv7058-ODW (JPRx), 2021 WL 2414856, at *5 (C.D. Cal. June 14, 2021)). And as the Federal Circuit confirmed in *Ricoh*: "Although '[d]istrict courts have broad discretion in interpreting and applying their local rules,' local rules cannot render

It is true that, "[i]n interpreting Civil Local Rule 54-3(c)(1), courts in this district have allowed costs for deposition video recordings 'where the circumstances of the case warrant duplicate costs of both a videotape and written transcript of a deposition.'" *Shields v. Fédération Internationale De Natation*, No. 18-CV-07393-JSC, 2023 WL 8360169, at *2 (N.D. Cal., Nov. 17, 2023) (quoting *Total Recall Technologies v. Luckey*, No. C 15-02881 WHA, 2017 WL 2118297, at *1 (N.D. Cal., May 16, 2017). For example, where a "case primarily involved foreign witnesses and conduct located outside the United States, and many of those witnesses were non-parties who could not have been compelled to testify at trial" and who "reside outside the subpoena power of the Court," the duplicate costs have been found necessary. *Id.* Here, however, Mr. Perlman is a party affiliate and resides within the subpoena power. While Crystal may have *desired* a video of the deposition, it was not *necessary*.

Crystal's claimed videography costs of $1,918.75, Dkt. 333-2 at 4, should be excluded accordingly.

## V. Crystal's Deposition "Rough Draft ASCII" Costs Are Not Recoverable under Civil Local Rule 54-3(c)(1)

Crystal requests "Rough Draft ASCII" costs for three depositions: $540.15 for the October 26, 2018 deposition of David Kury as Crystal's Rule 30(b)(6) designee; $83.85 for the November 1, 2018 deposition of Jon Robins; and $273.00 for the November 1, 2018 deposition of Richard Briggs III.[2] Dkt. 333-3 at 2 (Kury invoice); Dkt. 333-4 at 2 (Robins and Briggs invoices); *see* Dkt. 333-1 (Khachatourian Decl.), ¶¶ 5-6 (discussing same).[3]

---

disallowable costs otherwise allowable under section 1920." 661 F.3d at 1370 n. 5 (Fed. Cir. 2011) (citations omitted; quoting *Miranda v. S. Pac. Transp. Co.,* 710 F.2d 516, 521 (9th Cir. 1983)).

[2] Crystal has not sought the "Rough ASCII" costs for the Perlman deposition. *See* Dkt. 333-2 at 2 ("Rough ASCII" cost of "370.50").

[3] Crystal's declaration asserts that it "only requests costs for two *hard copy* versions of each deposition transcript." Dkt. 333-1 (Khachatourian Decl.), ¶ 6 (emphasis added); *accord id.*, ¶ 6. When Rearden pointed out in meet and confer that "Rough Draft ASCII" transcripts are not "hard cop[ies]," but rather are electronic, Crystal responded that "the only form transcripts are delivered currently is electronic copies." Masur Decl., Exh. C (Apr. 22, 2024 Let.), at 3. Although Rearden

In meet and confer, Rearden pointed out that rough drafts of transcripts are not "necessarily obtained for use in the case"; they are optional.  Masur Decl., Exh. B (Apr. 17, 2024 Draft Obj.) at 3.  Counsel for Crystal responded that the rough transcripts were "necessary for evidentiary purposes for the renewed MSJ." Masur Decl., Exh. C (Apr. 22, 2024 Let.), at 2-3. However, the final transcripts for these depositions were delivered no later than November 21, 2018.  *See* Dkts. 333-3, 333-4 (invoices dated Nov. 21, 2018).  That was nearly seven weeks before Crystal filed its renewed Motion for Summary Judgment, on January 8, 2019. Dkt. 126. Even assuming *arguendo* that rough transcript costs might be "necessary," and therefore recoverable, in certain circumstances – *e.g.*, if a party were required to file the transcript before or even shortly after receiving the final transcript – that was not the case here, where Crystal had the final transcripts in hand for more than a month and a half.

Because Crystal's claimed rough transcript costs were not necessary, they are not taxable and are not recoverable under 28 U.S.C. § 1920(2) and *Rimini Street*.  Those costs, totaling $897.00, should be excluded accordingly.

## VI.   Crystal's Litigation Support Service Fees Are Not Recoverable as Reproduction and Exemplification Costs under Civil Local Rule 54-3(d)(2)

Crystal requests $3,675 in "costs associated with services related to onsite preparation and copying of data for forensic imaging and production to Rearden as part of the discovery process." Dkt. 333-1 (Khachatourian Decl.), ¶ 6 (citing Dkt. 333-4).  The invoice detail represents that the items in question are vendor time fees for a "Kick-off call with counsel and end-client [and] Onsite Prep" on March 4, 2023, and 10 hours spent on March 9 and 10, 2023 "Copy[ing] data for client."  Dkt. 333-5 at 3.

Crystal also requests $1,225 in e-discovery "Project Management costs." Dkt. 333-1 (Khachatourian Decl.), ¶ 10 (citing Dkt. 333-8).  The invoice attached as Exhibit G, dated after the

---

pointed out that Crystal's representation that transcripts are delivered only electronically "underscores that [its] declaration" – which alleged it had received "hard copy" transcripts – was not accurate," Crystal did not take the opportunity to correct the record.  Masur Decl., Exh. A (email chain).

close of fact discovery, represents that the vendor spent 30.25 hours, on unknown dates, at $175 per, on "Project Management":

| DESCRIPTION | QTY | RATE | AMOUNT |
| --- | --- | --- | --- |
| Monthly Hosting (GB) | 738 | 7.00 | 5,166.00 |
| Processing (GB) | 6 | 0.00 | 0.00 |
| Project Management (HR) | 30.25 | 175.00 | 5,293.75 |
| Tehcnical Time (HR) | 4.50 | 175.00 | 787.50 |
| Productions (GB) | 30 | 10.00 | 300.00 |

BILL TO: Crystal Dynamics, Inc., 2855 Campus Drive, San Mateo, CA 94403
DATE 09/01/2023 — PLEASE PAY $11,547.25 — DUE DATE 10/16/2023
P.O. NUMBER: PO 2024-002
CRYSTAL_DYNAMICS_RMNL_SQUAREENIX_REARDEN

Dkt. 333-8.  Crystal's declarant asserts "that 7.0 of the billed hours were for … productions made to Rearden," and that she "understand[s] [that] these 7.0 hours were for work related to: facilitating the production processing and loading; preparing the productions for export; and releasing, exporting and producing the data to Rearden."  Dkt. 333-1 (Khachatourian Decl.), ¶ 10.  But that multiple-hearsay representation is impossible even to confirm, much less validate.  Rearden respectfully submits that the invoice and declaration do not meet Crystal's "burden … to demonstrate the amount of costs that are taxable." *Pacific Coast*, 2019 WL 8137133, at *2.

Civil Local Rule 54-3(d)(2) permits recovery of "[t]he cost of reproducing disclosure or formal discovery documents."  But as Rearden pointed out in meet and confer, it does not permit recovery of "litigation support service fee[s]" that "fall outside the approved six categories" of 28 U.S.C. § 1920 and *Rimini Street*. *Lowery v. Rhapsody Int'l, Inc.*, No. 16-cv-1135-JSW-JSC, Dkt. 258 at 18 (N.D. Calif., Sept. 20, 2021).  Masur Decl., Exh. B (Apr. 17, 2024 Draft Obj.) at 4.  Crystal responded by citing *eBay Inc. v. Kelora Sys., LLC*, 2013 WL 1402736, at *5 (N.D. Cal. Apr. 5, 2013), in which a claimant had apparently provided sufficient detail for the Court to determine which of the e-discovery costs would be taxable.  Masur Decl., Exh. C (Apr. 22, 2024 Let.), at 3-4.  However, as set forth above, that level of support is clearly lacking here.

Counsel for Rearden responded that, "[a]ssuming *arguendo* that a subset of the fees might be recovered – e.g., as 'copying files to storage media for production' – Crystal had the obligation

to put information that would permit allocation before the Court in support of its bill of costs." Masur Decl., Exh. A (email chain) at 4. Counsel for Crystal responded in turn that "Crystal had no obligation to further 'allocate,' because it is entitled to everything it asked for. The bill of costs already lists recoverable costs *after* pruning those that Crystal did not believe were appropriate to request." *Id.* at 3. Again, however, Crystal's "burden … [is] to demonstrate the amount of costs that are taxable," *Pacific Coast*, 2019 WL 8137133, at *2, not that it "believe[d]" the amount of costs it requested was "appropriate."

Crystal's claimed electronic discovery vendor time costs, totaling $4,900.00, should be excluded. By contrast, except to the extent that Rearden objects to granting any costs to Crystal, Rearden does not specifically object to Crystal's claims for the "costs related to hard drives that were necessary for data actually produced to Rearden" identified in Crystal's Exhibits E and F. Dkt. 333-1 (Khachatourian Decl.), ¶ 8; *see also id.*, ¶ 9.

### VII. Meet and Confer

As required by Civil Local Rule 54-2(b), counsel for the parties met and conferred in an effort to resolve disagreements regarding the purportedly taxable costs claimed in the Bill of Costs. Counsel for Rearden provided a draft of its objections on April 17, 2024, counsel for Crystal sent a responsive letter on April 22, 2024, and counsel exchanged emails and eventually met and conferred by phone on April 24, 2024. *See* Masur Decl., Exhs. A (email chain); B (Apr. 17, 2024 Draft Obj.); C (Apr. 22, 2024 Let.).

### VIII. Conclusion

Even if Crystal's Bill of Costs had been timely filed, the Local Rules, applicable statutes, and Supreme Court precedent mandate that the Court exclude $1,918.75 in claimed deposition videography costs, $897.00 in claimed "Rough Draft ASCII" costs, and $4,900.00 in electronic discovery vendor litigation support service fees. Those excludable costs total $7,715.75 of Crystal's claimed $12,709.28 in costs, leaving at most $4,993.53 in potentially-taxable costs.

Rearden submits that Crystal's failure to file its Bill of Costs within the deadline and its claim for "[i]nflated costs" would independently justify "denying taxable costs altogether" – but

1  even if the Court is inclined to allow Crystal to recover some costs, its submissions can justify, at
2  most, a "'diminished award.'"  *Rice*, 2024 WL 1382457, at *1.

4  Dated:  April 24, 2024                              Respectfully submitted,

5                                                     **ZUBER LAWLER LLP**
                                                      JOSHUA M. MASUR
6

7                                           By:   */s/ Joshua M. Masur*
                                                      Attorneys for Plaintiffs
8                                                     Rearden LLC and Rearden Mova LLC

3125-1002 / 2433284.3

9                                                                            Case No. 4:17-cv-4187-JST
PLAINTIFFS' OBJECTIONS TO CRYSTAL DYNAMICS' BILL OF COSTS