# **<u>Exhibit A</u>**

## Joshua Masur

| | |
|---|---|
| **From:** | Joshua Masur |
| **Sent:** | Wednesday, April 24, 2024 1:12 PM |
| **To:** | Karineh Khachatourian |
| **Cc:** | Brian J. Beck; Debora Sanfelippo; Rachael Chan; Oren Torten |
| **Subject:** | RE: Activity in Case 4:17-cv-04187-JST Rearden LLC et al v. Crystal Dynamics, Inc. Motion for Attorney Fees |

Hi, Karineh –

Thanks for taking the time to talk today.

As I mentioned, in *Pierson v. Ford Motor Co.*, No. C 06-6503 PJH, 2010 WL 431883 (N.D. Cal., Feb. 2, 2010), Judge Hamilton held that "the cost of only one method of recording the deposition is allowable" and the prevailing party "may recover the cost of an original transcript and one copy – or the cost of a videotape, plus one copy."

Thanks again.

– Josh (he/him)

**JOSHUA MASUR** | Partner and IP Group Head
Zuber Lawler LLP | 2000 Broadway Street Suite 154, Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | jmasur@zuberlawler.com | www.zuberlawler.com

**ZUBER LAWLER**

---

**From:** Karineh Khachatourian <KarinehK@kxtlaw.com>
**Sent:** Tuesday, April 23, 2024 4:39 PM
**To:** Joshua Masur <JMasur@zuberlawler.com>
**Cc:** Brian J. Beck <bbeck@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Rachael Chan <rachael@kxtlaw.com>; Oren Torten <Oren@kxtlaw.com>
**Subject:** RE: Activity in Case 4:17-cv-04187-JST Rearden LLC et al v. Crystal Dynamics, Inc. Motion for Attorney Fees

That works. Thanks.



***Karineh Khachatourian***
Managing Partner

Email: karinehk@kxtlaw.com
Phone: 650-379-6450

1775 Woodside Road, Suite 204
Redwood City, CA 94061
www.kxtlaw.com

---

**From:** Joshua Masur <JMasur@zuberlawler.com>
**Sent:** Tuesday, April 23, 2024 2:35 PM
**To:** Karineh Khachatourian <KarinehK@kxtlaw.com>
**Cc:** Brian J. Beck <bbeck@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Rachael Chan

1

<rachael@kxtlaw.com>; Oren Torten <Oren@kxtlaw.com>
**Subject:** RE: Activity in Case 4:17-cv-04187-JST Rearden LLC et al v. Crystal Dynamics, Inc. Motion for Attorney Fees

**[External Message]**

Hi, Karineh.  Thanks, Karineh.  I think the parties' positions are clear.  However, the Local Rule does require us to communicate by voice.  Let's plan on a brief call at 1pm tomorrow?

– Josh (he/him)

**JOSHUA MASUR | Partner and IP Group Head**
Zuber Lawler LLP | 2000 Broadway Street Suite 154, Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | jmasur@zuberlawler.com | www.zuberlawler.com

**ZUBER LAWLER**

---

**From:** Karineh Khachatourian <KarinehK@kxtlaw.com>
**Sent:** Tuesday, April 23, 2024 2:32 PM
**To:** Joshua Masur <JMasur@zuberlawler.com>
**Cc:** Brian J. Beck <bbeck@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Rachael Chan <rachael@kxtlaw.com>; Oren Torten <Oren@kxtlaw.com>
**Subject:** RE: Activity in Case 4:17-cv-04187-JST Rearden LLC et al v. Crystal Dynamics, Inc. Motion for Attorney Fees

Josh:

I am not available today to confer. I can be available tomorrow, any time after 10am PST – 5PM PST if that works for you.

Crystal responds substantively to your points below:

1. Timeliness: Crystal maintains its position from its April 22 letter. Rearden's quibbling between the words "motion" and "bill" is unsupported by law and ignores the plain and obvious intent of the parties: That Crystal would have its opportunity to seek costs and fees from Rearden. By requesting that the Court enter Crystal's proposed order on Rearden's motion to dismiss, Rearden consented to Crystal seeking costs and fees from Rearden through a formal request of the court. To now argue untimeliness or complain about the form over substance will only serve to further damage Rearden's credibility. Crystal's bill of costs was timely.

2. Deposition videography: Crystal maintains its position from its April 22 letter. In your email, Rearden seems to concede that videography costs are recoverable. Instead, with no legal support, Rearden appears to argue now that the deposition transcript fees are not recoverable. But this makes no sense. The "original" is both the video and the transcript, because they are created simultaneously. Neither is a copy of the other, and both are recoverable. And Rearden has provided no authority supporting its position that a party can only recover costs for videography if it is the "only recording method." Crystal can recover its costs associated with the original videographic and transcript recordings of depositions.

3. Rough transcripts: Crystal maintains its position from its April 22 letter. Again, quibbling over the meaning of "hard copy" (which Crystal used to mean 'official,' as in, received from the court reporter) does not change the fact that Crystal is entitled to recover the costs. And they were necessary for Crystal's preparation of an imminent MSJ. Just because they were not filed as exhibits does not make them not necessary. Rearden cites no authority in support of its position that Crystal cannot recover these costs.

4. Litigation support service fees: Crystal maintains its position from its April 22 letter. Crystal is entitled to recover all of the costs it listed in its bill related to litigation support service fees. Crystal had no obligation to further "allocate," because it is entitled to everything it asked for. The bill of costs already lists recoverable costs *after* pruning those that Crystal did not believe were appropriate to request.

5. Crystal's fees: This point is unrelated to Crystal's bill of costs, or Rearden's objections. Crystal requested approximately $13k. Evidence that Crystal spent less than that amount to recover its costs is not compelling evidence that somehow the costs it is seeking are inappropriate. If Rearden wants to raise issue with a party unnecessarily expending litigation resources knowing that the economic return is minimal, it should reread Crystal's fees motion and consider its own conduct over the past seven years.



*Karineh Khachatourian*
Managing Partner

Email: karinehk@kxtlaw.com
Phone: 650-379-6450

1775 Woodside Road, Suite 204
Redwood City, CA 94061
www.kxtlaw.com

---

**From:** Joshua Masur <JMasur@zuberlawler.com>
**Sent:** Tuesday, April 23, 2024 11:22 AM
**To:** Karineh Khachatourian <KarinehK@kxtlaw.com>
**Cc:** Brian J. Beck <bbeck@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Rachael Chan <rachael@kxtlaw.com>; Oren Torten <Oren@kxtlaw.com>
**Subject:** RE: Activity in Case 4:17-cv-04187-JST Rearden LLC et al v. Crystal Dynamics, Inc. Motion for Attorney Fees

**[External Message]**

Karineh and Crystal team –

Thanks for your response, which clarifies the parties' positions and will assist briefing.

Under CivLR 54-2(b), we do still need to confer by voice.  I returned early, and I am available this afternoon after 1:30; please let me know a good time for you.

To make the call as efficient as possible, I thought it made sense to respond to your letter.

**Bill of Costs:**  The Copyright Act contemplates that a prevailing party may seek fees and costs in a single document, by granting discretion to "award a reasonable attorney's fee to the prevailing party *as part of the costs.*"  15 USC 505; *see also, e.g.*, Lowery v. Rhapsody Int'l, Inc., No. 16-cv-1135-JSW-JSC, Dkt. 208 (N.D. Calif., Jun. 12, 2020) (single motion for, *inter alia,* "attorneys' fees, [and] reimbursement of costs").  You sought, we did not oppose, and the court granted an extension for filing "any *motion* for costs *and* fees" – a motion, not a bill, and for both costs and fees.  We maintain that the deadline to file a bill of costs was not extended, and the bill of costs was therefore untimely.

**Deposition Videography:**  CivLR 54-3(c)(1) permits recovery of "[t]he cost of *an original and one copy* of any deposition (including videotaped depositions)." (Emphasis added.)   The reference to "videotaped depositions" reflects FRCP 30(b)(3)(A), which provides that "deposition … testimony may be recorded by audio, audiovisual, *or* stenographic means." (Emphasis added; *see also* 1993 Advisory Committee Notes, "[a] party [may] choos[e] to record a deposition only by videotape or audiotape").  The Local Rule certainly contemplates

recovery of the cost of "an original and one copy of" a videotaped deposition if that is the *only* recording method.  But the reference to "an original and one copy" is instructive:  Creating an original requires effort and expense that creating a copy does not.  Interpreting the Local Rule to permit recovery of the cost of creating *both* the transcript *and* the videotape would, in effect, allow recovery of the cost of *two originals*, not an original and a copy.  We maintain that Crystal's request is improper, and the videography costs are not recoverable.

**Rough Transcripts:**  We agree that the fact that a transcript was delivered in electronic form does not affect its taxable status.  We raised the distinction only because paragraphs 5 and 6 of your declaration represent, inaccurately, that "Crystal only requests costs for two *hard copy* versions of the transcripts…."  Your letter's admission that "the only form transcripts are delivered currently is electronic copies" underscores that your declaration was not accurate.  As for your explanation that the roughs were "necessary for evidentiary purposes for the renewed MSJ," that ignores that the final transcripts were delivered no later than November 21, 2018, nearly seven weeks before you filed the renewed MSJ on January 8, 2019 (ECF 126).  Even assuming *arguendo* that rough transcript costs might be recoverable if a party were required to file the transcripts before receiving the final, that was not the case here.  We maintain that the rough transcript costs you claimed are not taxable.

**Litigation Support Service Fees:**  We maintain that these fees, as claimed by Crystal, should not be taxed.  Assuming *arguendo* that a subset of the fees might be recovered – e.g., as "copying files to storage media for production" – Crystal had the obligation to put information that would permit allocation before the Court in support of its bill of costs.

**Crystal's Fees for Bill of Costs:**  The fact that Crystal has spent more in legal fees to recover its costs than it can actually recover in costs underscores that those fees were not reasonably invested.  As you are no doubt aware, courts frequently deny or pare back costs to the point that many litigants decide it isn't worth seeking them.  (In *Digitech Image Techs., LLC v. Electronics For Imaging, Inc.*, No. 8:12-cv-01324 ECF #117 (C.D. Cal. 9/29/14), for example, the court rejected my client's request for over $19,000 in electronic discovery fees, granting only $185.40 for document reproduction.)  Crystal's insistence on pursuing costs that should not be taxed, or without adequate basis to establish that it is entitled to taxation, underscores that its intent is not compensatory but vindictive and punitive, and the consequences should not fall on Rearden.

– Josh (he/him)

**JOSHUA MASUR** | Partner and IP Group Head
Zuber Lawler LLP | 2000 Broadway Street Suite 154, Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | jmasur@zuberlawler.com | www.zuberlawler.com

**ZUBER LAWLER**

---

**From:** Karineh Khachatourian <KarinehK@kxtlaw.com>
**Sent:** Monday, April 22, 2024 4:44 PM
**To:** Joshua Masur <JMasur@zuberlawler.com>
**Cc:** Brian J. Beck <bbeck@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Rachael Chan <rachael@kxtlaw.com>; Oren Torten <Oren@kxtlaw.com>
**Subject:** RE: Activity in Case 4:17-cv-04187-JST Rearden LLC et al v. Crystal Dynamics, Inc. Motion for Attorney Fees

Counsel:

Please see attached.

Thanks.



*Karineh Khachatourian*
Managing Partner

Email: karinehk@kxtlaw.com
Phone: 650-379-6450

1775 Woodside Road, Suite 204
Redwood City, CA 94061
www.kxtlaw.com

---

**From:** Joshua Masur <JMasur@zuberlawler.com>
**Sent:** Wednesday, April 17, 2024 3:58 PM
**To:** Oren Torten <Oren@kxtlaw.com>; Karineh Khachatourian <KarinehK@kxtlaw.com>
**Cc:** Brian J. Beck <bbeck@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Rachael Chan <rachael@kxtlaw.com>
**Subject:** RE: Activity in Case 4:17-cv-04187-JST Rearden LLC et al v. Crystal Dynamics, Inc. Motion for Attorney Fees

**[External Message]**

Hi, all.

Given that the Court has not yet issued an order on the stipulation extending the deadline for Rearden's objections to the bill of costs, we are going to need to file them before the deadline. Unfortunately, that is 5pm today.

I've attached our draft. I'm available the rest of the afternoon to meet and confer. Otherwise, we are willing to meet and confer after filing. In the event that agreements are reached, we will amend our objections accordingly.

– Josh (he/him)

**JOSHUA MASUR** | Partner and IP Group Head
Zuber Lawler LLP | 2000 Broadway Street Suite 154, Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | jmasur@zuberlawler.com | www.zuberlawler.com

**ZUBER LAWLER**

---

**From:** Joshua Masur
**Sent:** Monday, April 15, 2024 5:53 PM
**To:** Oren Torten <Oren@kxtlaw.com>; Karineh Khachatourian <KarinehK@kxtlaw.com>
**Cc:** Brian J. Beck <bbeck@zuberlawler.com>; Debora Sanfelippo <dsanfelippo@zuberlawler.com>; Rachael Chan <rachael@kxtlaw.com>
**Subject:** RE: Activity in Case 4:17-cv-04187-JST Rearden LLC et al v. Crystal Dynamics, Inc. Motion for Attorney Fees

Thanks.

– Josh (he/him)

**JOSHUA MASUR** | Partner and IP Group Head
Zuber Lawler LLP | 2000 Broadway Street Suite 154, Redwood City, CA 94063, USA
T: +1 (650) 434-8538 | jmasur@zuberlawler.com | www.zuberlawler.com

**ZUBER LAWLER**