# Exhibit B

JOSHUA M. MASUR  (SBN 203510)
  jmasur@zuberlawler.com
**ZUBER LAWLER LLP**
2000 Broadway Street
Redwood City, California 94063
Telephone: (650) 866-5901
Facsimile: (213) 596-5621

Attorneys for Plaintiffs Rearden LLC and
Rearden Mova LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC and REARDEN MOVA LLC, California limited liability companies,<br><br>Plaintiffs,<br><br>v.<br><br>CRYSTAL DYNAMICS, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 4:17-cv-4187-JST<br><br>**PLAINTIFFS' OBJECTIONS TO CRYSTAL DYNAMICS, INC.'S BILL OF COSTS** |

I.   **Introduction**

Because Crystal Dynamics did not file its Bill of Costs (Dkt. 333) within the 14 days required by Civil Local Rule 54-1(a), it should be rejected in its entirety.

Even if the Bill of Costs were timely, moreover, the majority of costs claimed violate the Supreme Court's holding in *Rimini St., Inc. v. Oracle U.S., Inc.*, 139 S. Ct. 873 (2019) that section 505 of the Copyright Act does not "authorize[] a court to award litigation expenses beyond the six categories of 'costs' specified by Congress in the general costs statute." *Id.* at 876.  In particular, precedent and common sense dictate that the statutory categories do not include deposition videography costs, "Rough Draft ASCII" costs, or electronic discovery vendor litigation support service fees.  As a result, they would not be taxable even if Crystal had timely filed.

## II. Legal Standards

"No later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs." Civ. L.R. 54-1(a).

"The Copyright Act gives federal district courts discretion to award 'full costs' to a party in copyright litigation." *Rimini St., Inc. v. Oracle U.S., Inc.*, 139 S. Ct. 873, 875-76 (2019) (quoting 17 U.S.C. § 505). "'[F]ull costs' … means the costs specified in the general costs statute, §§ 1821 and 1920." *Id.* at 881. Section 505 does not "authorize[] a court to award litigation expenses beyond the six categories of 'costs' specified by Congress in the general costs statute." *Id.* at 876.

The six categories that a federal court may award as costs are:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*Id.* at 877, n. 1 (quoting 28 U.S.C. § 1920).

## III. Crystal's Bill of Costs Should Be Denied As Untimely

The Court's March 7, 2024 Order granting Rearden's motion to dismiss provided that "Crystal shall have 30 days from the entry of this order to bring any *motion* for costs and fees." Dkt. 332 at 2 (emphasis added). Crystal did not request, and the Court did not order, any extension of the time within which the Local Rule provided that Crystal "must serve and file a *bill of costs.*" Civ. L.R. 54-1(a) (emphasis added).

Crystal chose not to file a motion covering both costs and fees.  Instead, it chose to file a separate bill of costs, and a motion for fees (Dkt. 336) without seeking an extension for its deadline to file a bill of costs.  Crystal's failure to comply with Civil Local Rule 54-1(a)'s strict requirement that "[n]o later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs *must* serve and file a bill of costs" (emphasis added) mandates denial.

## IV.  Crystal's Deposition Videography Costs Are Not Recoverable

For its August 24, 2023 deposition of Stephen Perlman, Crystal requests "costs for one hard copy of the transcript, for one video recording of the deposition, and for reproduction of the exhibits." Dkt. 333-1 (Khachatourian Decl.), ¶ 4 (citing Exh. A, Dkt. 333-2).

Under *Rimini*, "deposition videography" costs are not recoverable. *Lowery v. Rhapsody Int'l, Inc.*, No. 16-cv-1135-JSW-JSC, Dkt. 258 at 18 (N.D. Calif., Sept. 20, 2021) (quoting *Arcona, Inc. v. Farmacy Beauty, LLC*, No. 2:17-cv7058-ODW (JPRx), 2021 WL 2414856, at *5 (C.D. Cal. June 14, 2021)).  Crystal's claimed videography costs of $1,918.75, Dkt. 333-2 at 4, should be excluded accordingly.

## V.  Crystal's Deposition Rough Draft Costs Are Not Recoverable

Crystal requests "Rough Draft ASCII" costs for three depositions:  $540.15 for the October 26, 2018 deposition of David Kury as Crystal's Rule 30(b)(6) designee; $83.85 for the November 1, 2018 deposition of Jon Robins; and $273.00 for the November 1, 2018 deposition of Richard Briggs III.  Dkt. 333-3 at 2 (Kury invoice); Dkt. 333-4 at 2 (Robins and Briggs invoices); *see* Dkt. 333-1 (Khachatourian Decl.), ¶¶ 5-6 (discussing same).[1]

Despite Crystal's declarant's representation, "Rough Draft ASCII" transcripts are not "hard cop[ies]"; they are electronic.  *See* Dkt. 333-1 (Khachatourian Decl.), ¶¶ 5-6.  More importantly, because they are not "necessarily obtained for use in the case," as required by 28

---

[1] Crystal has not sought the "Rough ASCII" costs for the Perlman deposition.  *See* Dkt. 333-2 at 2 ("Rough ASCII" cost of "370.50").

U.S.C. § 1920(2), they are not recoverable under *Rimini*. Crystal's claimed Rough Draft ASCII costs, totaling $897.00, should be excluded accordingly.

## VI. Crystal's Litigation Support Service Fees Are Not Recoverable as Reproduction and Exemplification Costs

Crystal requests $3,675 in "costs associated with services related to onsite preparation and copying of data for forensic imaging and production to Rearden as part of the discovery process." Dkt. 333-1 (Khachatourian Decl.), ¶ 6 (citing Exh. D, Dkt. 333-4). The invoice detail represents that the items in question are vendor time fees for a "Kick-off call with counsel and end-client[,] Onsite Prep," and 10 hours spent "[C]opy[ing] data for client." Dkt. 333-5 at 3.

Crystal also requests $1,225 in e-discovery "Project Management costs." Dkt. 333-1 (Khachatourian Decl.), ¶ 10 (citing Exh. G, Dkt. 333-8). The invoice attached as Exhibit G represents that the vendor spent 30.25 hours, at $175 per, on "Project Management." Dkt. 333-8 at 2. Crystal's declarant asserts "that 7.0 of the billed hours were for … productions made to Rearden," and that she "understand[s] [that] these 7.0 hours were for work related to: facilitating the production processing and loading; preparing the productions for export; and releasing, exporting and producing the data to Rearden." Dkt. 333-1 (Khachatourian Decl.), ¶ 10.

Under *Rimini*, "litigation support service fee[s]" are not recoverable. *Lowery v. Rhapsody Int'l, Inc.*, No. 16-cv-1135-JSW-JSC, Dkt. 258 at 18 (N.D. Calif., Sept. 20, 2021). Crystal's claimed electronic discovery vendor time costs, totaling $4,900.00, should be excluded accordingly.

## VII. Conclusion

Crystal's bill of costs should be rejected in its entirety as untimely.

But even if it had been timely filed, statute and Supreme Court precedent mandate that the Court exclude $1,918.75 in claimed deposition videography costs, $897.00 in claimed "Rough Draft ASCII" costs, and $4,900.00 in electronic discovery vendor litigation support service fees.

Those excludable costs total $7,715.75 of Crystal's claimed $12,709.28 in costs, leaving $4,993.53 in potentially-billable costs.

Dated:  April 17, 2024                                           Respectfully submitted,

                                                  **ZUBER LAWLER LLP**
                                                  Joshua M. Masur

                                 By: _____
                                       Attorneys for Plaintiffs Rearden LLC and Rearden Mova LLC