# **Exhibit C**



650-239-0420
karinehk@kxtlaw.com
www.kxtlaw.com
1775 Woodside Road, Suite 204
Redwood City, CA 94061

April 22, 2024

Joshua M. Masur, Esq.
Zuber Lawler LLP
2000 Broadway Street
Redwood City, California 94063
jmasur@zuberlawler.com

    Re:    <u>**Rearden LLC and Rearden Mova LLC v. Crystal Dynamics, Inc**</u>

Counsel:

    We have reviewed Plaintiffs' objections to Crystal's Bill of Costs. In short, they have no merit. The objections raised are contrary to the Northern District of California's Civil Local Rules, the Court's March 7 2024 Order (Dkt. No. 332) and applicable case law – including that cited by Rearden in its objections.

    As a preliminary matter, the Bill of Costs was timely. The Court extended the deadline to file "any motion for costs and fees," Dkt. No. 332. This includes the bill of costs. That is the relief Crystal requested, that Rearden consented to by "not object[ing] to the Court entering Defendant's proposed order (Dkt. No. 331 at 1), and that the Court ordered.

    Second, all specific objections to Crystal's line items are misplaced. Videography services for depositions, electronic copies of deposition transcripts, and e-discovery costs related to the preparation and production of responsive data and documents – which Rearden has coined "litigation support services" – are all recoverable under the relevant case law as discussed below.

    **I.**    **Crystal's Bill of Costs is not Untimely**

    Crystal's Bill of Costs is timely. As recognized by Rearden, the March 7th Order extended the deadline for filing "***any*** motion for ***costs*** and fees." Dkt. No. 332 (emphasis added). Although not titled a "motion," a Bill of Costs is the prescribed method under the Local Rules and 28 U.S.C. § 1920 for requesting Crystal's taxable costs. *See generally* Civ. L.R. 54 ("Costs"). Notably, L.R. 54, at Civ. L.R. 54-5, addresses a "Motion for Attorney's Fees," and it provides the same 14-day deadline from the entry of judgment that is applied by the Bill of Costs Local Rule, at Civ. L.R. 54-1. Thus, common sense dictates that an extension for filing "***any*** motion for ***costs*** and fees" would include all such requests found under Civ. L.R. 54, thereby extending the deadline for both filings. We ask that Rearden reconsider its position, given that it **<u>agreed</u>** that the matter of costs would be brought to the Court within 30 days of the March 7th



Joshua M. Masur, Esq.
April 22, 2024
Page 2

Order. Dkt. No. 331 at 1 (". . . Plaintiffs do not object to the Court entering Defendant's proposed order.")

## II.   Deposition Videography Services are Recoverable

Despite Rearden's objection, Crystal's $1,918.75 in videography services costs are recoverable, under both the Northern District of California's Local Rules and its case law.

First, Civ. L.R. 54-3(c)(1) allows for the recovery of "an original and one copy of any deposition (***including videotaped depositions***) taken for any purposes in connection with the case." (emphasis added). Thus, the Local Rules expressly include videography of depositions.

Second, Northern District case law has allowed the recovery of "videography" services for depositions. *See, e.g.*, *Ancora Techs., Inc. v. Apple, Inc.*, 2013 WL 4532927, at *6 (N.D. Cal. Aug. 26, 2023) ("Local Rule 54-3(c)(1) allows costs for . . . two versions of the deposition transcript. Here, the Court finds no reason to deny costs which conform to this rule, even if the second copy is a rough ASCII or a video."); *Atari Interactive, Inc. v. Redbubble, Inc.*, Case No. 4:18-cv-03451-JST, Dkt. No. 266-2 at 5-7 (requesting deposition costs for "Video Sync / Tape" and "Video Services"), Dkt. No. 284 (taxing all deposition costs).

Even the case cited in Rearden's objections does not prohibit videography costs. *See Lowery v. Rhapsody Int'l, Inc.*, No. 4:16-cv-01125-JSW, Dkt. No. 258 at 18. Instead, it merely cites a different Central District of California case that does not allow recovery of videography costs under 28 U.S.C. § 1920 because "[Defendant] relies on outdated cases . . . and it fails to provide any authority for the proposition that it may recover costs for . . . deposition videography." *Arcona, Inc. v. Farmacy Beauty, LLC*, 2021 WL 2414856, at *5 (C.D. Cal. June 14, 2021). In contrast, Crystal has cited such supporting authority, namely, N.D. Cal. Civ. L.R. 54-3(c)(1) and the above-cited N.D. Cal. cases, which expressly allow recovery of these costs.

## III.   Deposition Rough Draft Costs are Recoverable

Rearden's objection that deposition rough draft costs are not recoverable is not well taken. The $897.00 in Rough Draft ASCII costs are also recoverable, as supported by Northern District of California case law, including Rearden's own citations.

Rearden argues that the Rough Draft ASCII costs are not recoverable because "they are electronic." However, Rearden's citation to 28 U.S.C. § 1920(2) makes clear that "fees for printed or ***electronically recorded transcripts*** necessarily obtained for use in the case" are recoverable. (emphasis added). Given that the parties had impending renewed motion for summary judgment briefing to file the rough was necessary for evidentiary purposes for the



Joshua M. Masur, Esq.
April 22, 2024
Page 3

renewed MSJ. Additionally, N.D. Cal. has awarded deposition transcript costs for electronic transcripts. *See, e.g.*, *Shields v. Federation Internationale De Natation*, 2023 WL 8360169, at *6 (N.D. Cal. Nov. 17, 2023) (awarding costs for electronic copies of deposition transcripts, including "Electronic Delivery and Handling" costs). The "Rough Draft" transcripts are nonetheless still a copy of a transcript. And as we are sure Rearden is aware, the only form transcripts are delivered currently is electronic copies.

**IV.     Litigation Support Services Fees are Recoverable**

Rearden's objections to $3,675 in litigation support services costs for the Control Risks invoice and $1,225 in costs for the Prosearch invoice will be overruled. Crystal's $3,675 in "costs associated with services by [Control Risks] related to onsite preparation and copying of data for forensic imaging and production," as well as the $1,225 in "Project Management costs" for Prosearch's services are recoverable under N.D. Cal. case law.

a.     Control Risks Costs

Crystal's costs for services rendered by Control Risks are recoverable e-discovery costs as analogous to making copies for purposes of document production in discovery.

When considering e-discovery costs, the general rule is that costs "analogous to 'exemplification and the costs of making copies,'" are recoverable, whereas "'intellectual efforts' involved in the production of discovery" are not recoverable. ." *eBay Inc. v. Kelora Sys.*, LLC, 2013 WL 1402736, at *5 (N.D. Cal. Apr. 5, 2013) N.D. Cal. case law provides several examples of different types of e-discovery costs that are taxable as analogous to making copies including, for example: (1) "assembling, ordering, tagging, and QA for document release;" (2) "us[ing] forensic best practices to acquire eBay data and preserve eBay data hard images to create official certified copies of the most responsive documents;" and (3) "file fingerprinting to certify the integrity of each document at the time of preservation…. Documents such as movie files and database files were isolated and subjected to preprocessing for ultimate production as non-standard files." *Id.*, at *6, *8. Additionally, the "Instructions" on the final page of Form CAND 133 for the Bill of Costs states that recoverable e-discovery costs include "copying files to storage media for productions."

The requested Control Risks costs are analogous to the *eBay* costs. Control Risks was hired to copy data that was made available to Rearden for inspection in response to Plaintiff's document requests. This falls squarely in the recoverable cost category of "copy[ing] data" and making copies for discovery purposes. As stated in the Declaration in support of Crystal's Bill of Costs, Dkt. No. 333-1 at ¶ 7, and as recognized by Rearden, the copying of data was for the purpose of "forensic imaging and production to Rearden." Moreover, Reardens' objection

Case 4:17-cv-04187-JST   Document 349-4   Filed 04/24/24   Page 5 of 6



Joshua M. Masur, Esq.
April 22, 2024
Page 4

ignores the explanation in the Bill of Costs Declaration, which contradicts Rearden's categorization. Lastly, Crystal hired Control Risks for this forensic imaging and production due to Rearden's disbelief in the authenticity of the information provided by DD3. These facts are analogous to those in *eBay*, and the costs are similarly recoverable to the categories of costs for "us[ing] forensic best practices to acquire [] and preserve eBay data" and "file fingerprinting to certify the integrity of each document at time of preservation." *eBay*, 2013 WL 1402736, at *8.

Moreover, the *eBay* Court allowed the recovery of $1,631.25 in "Pre-Process Data" costs even though it possibly included a higher set of responsive documents than those actually produced, because it was a "***modest and necessary cost*** that the court—exercising its discretion—can tax. *Id.* (emphasis added). Forensic imaging and copying of data fall squarely into this bucket. Crystal's request for $3,500 related to forensic imaging and copying of the data was a "modest" cost that was "necessary" for the production of this data.

For similar reasons, at least the "onsite prep" portion of the even more modest additional $175 requested was necessary for the copying, forensic imaging, and ultimate production of the data.

    b.    <u>Prosearch Costs</u>

Plaintiffs' objections to Crystal's e-discovery costs for productions is without merit. Crystal's costs for services rendered by Prosearch are recoverable as analogous to making copies and preparing documents in their agreed-upon format.

Rearden's citation of *Lowery*, No. 16-cv-1135-JSW-JSC, Dkt. 258 at 18, does not support the argument that Crystal cannot recover its Prosearch costs. *Lowery* merely excludes roughly $7,700 for "litigation support services," but does not state what these services are. And it certainly does not say that the "litigation support services" were e-discovery vendor costs. Without more, the citation to *Lowery* is a broad over-generalization of Crystal's costs as "litigation support services" without supporting argument that shows why the specific types of costs requested are, in fact, unrecoverable "litigation support services."

The Prosearch costs are, in fact, recoverable, as supported by the same case law cited in support of the Control Risks Costs. The *eBay* Court awarded two sets of costs that are analogous here: (1) costs for "assembling, ordering, tagging, and QA for document release;" and (2) costs for "electronic Bates stamping, de-blanking, the insertion of slip sheets and native file placeholders, and putting data on media." *Id.*

Again, as stated in the Declaration in support of Crystal's Bill of Costs, the 7 hours claimed for the Project Management costs were strictly for work related to "facilitating the



production processing and loading; preparing the productions for export; and releasing, exporting and producing the data to Rearden." Dkt. No. 333-1 at ¶ 10. This necessarily included services such as "assembling, ordering, and tagging" the documents for release, as well as at least "electronic Bates stamping," prior to producing the documents to Rearden. Just like the services in *eBay*, the 7 hours claimed are clearly analogous to making copies and related to preparing responsive documents in their agreed-upon format and then producing those documents. 2013 WL 1402736, at *8.

## V. Conclusion

Rearden does not contest $4,993.53 in costs. At a minimum, Rearden should spare the Court and the parties further litigation and should pay the amount forthwith. As for the remaining $7,715.75 the cost request is modest in comparison to what Crystal had to spend defeating Rearden's claims over the last seven years. Please be aware that if Rearden continues to nitpick, Crystal will seek its fees to prosecute its bill of costs as well, which has thus far cost Crystal $8,937.50 and is climbing.

Very truly yours,

KXT LAW, LLP

Karineh Khachatourian

KK