UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CRYSTAL DYNAMICS, INC.,<br><br>    Defendant. | Case No. 17-cv-04187-JST<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER**<br><br>Re: ECF No. 399 |

Before the Court is Plaintiffs Rearden LLC's and Rearden Mova LLC's motion for relief from a non-dispositive pretrial order of a magistrate judge. ECF No. 399. Rearden seeks relief from Magistrate Judge Laurel Beeler's February 24, 2025 Order Regarding Settlement Negotiations. ECF No. 397 ("the Order"). Defendant Crystal Dynamics, Inc. opposes the motion. ECF No. 400.

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). The district court "may not simply substitute its judgment" for that of the magistrate judge. *Id.* This "deferential standard . . . indicates that decisions by the magistrate judge on nondispositive matters are essentially final decisions of the district court which may be appealed in due course with other issues." *United States v. Abonce-Barrera*, 257 F.3d 959, 968–69 (9th Cir. 2001) (quotation marks and citation omitted). "The 'clearly erroneous' standard applies to the magistrate judge's findings of fact; legal conclusions are freely reviewable de novo to determine whether they are contrary to law." *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). Under the "clearly erroneous" standard, "the district court may only set aside [a magistrate judge's] factual

determinations if it is left with a definite and firm conviction that a mistake has been committed." *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quotation marks and citation omitted). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Ingram v. Pac. Gas & Elec. Co.*, No. 12-cv-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013) (quoting *Conant v. McCoffey*, No. C 97-0139-FMS, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998)).

Rearden argues that, "[w]hether characterized as a finding of fact or a conclusion of law, Magistrate Judge Beeler's Order is clearly erroneous." ECF No. 399 at 3. The Court disagrees.

As an initial matter, the Court rejects the possibility, raised in Rearden's brief, that the Order should be "characterized as a conclusion of law—that once a settlement conference has begun with a magistrate judge, all subsequent settlement communications are protected by ADR Local Rule 7-4 unless a minute order closes the referral." ECF No. 399 at 3–4. The Order does not reach such a legal conclusion. Instead, it recounts the facts and timeline relevant to the parties' settlement discussions and determines, based on those facts and Judge Beeler's settlement practices, that the communications in question were "in connection with" a settlement conference before Judge Beeler and thus are inadmissible for the purpose of the pending motion for attorney's fees. *See* ECF No. 397 at 2. That is a finding of fact by Judge Beeler based on her supervision of, and participation in, the events in question.

Taking the Order as a finding of fact, the Court finds no clear error. Rearden contends that Judge Beeler "failed to perform the factual analysis Rearden understands to have been referred by the Court." ECF No. 399 at 4. The Court disagrees. It charged Judge Beeler with the task of "determin[ing] which communications occurred at [her] direction" and thus were "in connection with any settlement conference" for the purpose of ADR Local Rule 7-4. ECF No. 377 at 5. Judge Beeler explained that "the court's settlement practice" is to "put[] a minute entry on the docket" when settlement efforts fail, and the lack of such an entry in this case meant that the ongoing settlement negotiations were "in connection with" the settlement conference she had held with the parties. ECF No. 397 at 2. That Judge Beeler did not resolve the question using a different method Rearden would have preferred—i.e., an individual analysis of "specific

2

communications," ECF No. 399 at 5—does not render her resolution clearly erroneous.

For these reasons, the Court denies Rearden's motion.

**IT IS SO ORDERED.**

Dated:  March 20, 2025



_____
JON S. TIGAR
United States District Judge