UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CRYSTAL DYNAMICS, INC.,<br><br>    Defendant. | Case No. 17-cv-04187-JST<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND MOTION TO RE-TAX COSTS**<br><br>Re: ECF No. 336, 356 |

Before the Court is Defendant Crystal Dynamics, Inc.'s motion for attorney's fees, ECF No. 336, and Plaintiffs Rearden LLC and Rearden Mova LLC's motion to re-tax costs, ECF No. 356. The Court will deny both motions.

I.     **BACKGROUND**

This action centers on the MOVA Contour Reality Capture Program, which captures the motion of the human face to create images used in motion pictures. Rearden brought this action against Crystal for copyright, patent, and trademark infringement in connection with the alleged use of MOVA to produce motion capture for *Rise of the Tomb Raider* ("*ROTTR*"), a video game developed by Crystal in 2014 and 2015. After seven years of litigation and attempts at settlement with the assistance of Magistrate Judge Laurel Beeler, Rearden filed a motion for voluntary dismissal with prejudice, which the Court granted. ECF Nos. 329, 332.

Crystal now moves for attorney's fees. ECF No. 336. Rearden opposes the motion, ECF No. 362, and Crystal has filed a reply, ECF No. 363.

During the parties' briefing on Crystal's motion for attorney's fees, Rearden also filed an administrative motion seeking guidance on the admissibility of evidence from the parties' settlement discussions, some of which it wanted to place before the Court on this motion. ECF

1  No. 347.  It sought an order

> confirming that, in connection with Crystal's Motion for Fees, the constraints of ADR Local Rule 7-4(a) apply to "the contents of any written settlement conference statements, anything that was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any settlement conference," but not to "anything that was said, any position taken, and any view of the merits of the case expressed by any participant" in settlement negotiations occurring outside the settlement conference context.

*Id.* at 5.  Rearden requested "in particular" that the Court admit settlement communications between the parties that occurred between May 19, 2022, and November 20, 2023.  *Id.*  It contended that any discussions during that period were not supervised by Judge Beeler and were thus outside the ambit of ADR Local Rule 7-4(a).  *Id.*

The Court granted the motion in part, by determining the scope of Rule 7-4(a).  ECF No. 377 at 5.  It held that "'in connection with any settlement conference' in ADR Local Rule 7-4 includes communications between the parties conducted at the direction of the settlement judge, as well as any communications between the settlement judge and the parties regarding settlement."  *Id.*  The Court further held that "the settlement judge has the authority to determine which communications occurred at the judge's direction."  *Id.*  The Court referred the matter to Judge Beeler to determine whether the specific communications identified by Rearden "occurred at the judge's direction."  *Id.*  Judge Beeler entered an order finding that all of "[t]he communications at issue fall within the scope of ADR Local Rule 7-4(a)" and thus are not admissible.  ECF No. 397 at 3.  Rearden filed a motion for relief from Judge Beeler's order, ECF No. 399, which the Court denied on March 20, 2025.  ECF No. 403.

Rearden also moves for review of taxation of costs.  ECF No. 356.  Crystal opposes the motion, ECF No. 361, and Rearden has filed a reply.  ECF No. 367.  The Court held a hearing on both motions on April 7, 2025.

## II. LEGAL STANDARD

Courts "may . . . award a reasonable attorney's fee to the prevailing party" on copyright

claims.[1] 17 U.S.C. § 505. This broad statutory language "clearly connotes discretion, and eschews any precise rule or formula for awarding fees." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (quotation marks and citation omitted). Courts have "wide latitude to award attorney's fees based on the totality of circumstances in a case," *id.* at 203, subject to two restrictions:

> First, a district court may not award attorney's fees as a matter of course; rather, a court must make a more particularized, case-by-case assessment. Second, a court may not treat prevailing plaintiffs and prevailing defendants any differently; defendants should be encouraged to litigate meritorious copyright defenses to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement.

*Id.* at 202 (quotation marks, alteration marks, and citations omitted); *see also Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994) ("The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of [the Court's] discretion.").

In determining whether to award fees, courts may consider several factors, include "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018) (citation omitted). Courts must place "substantial weight on objective reasonableness," but this "can be only an important factor in assessing fee applications—not the controlling one." *Kirtsaeng*, 579 U.S. at 207–08. "Although objective reasonableness carries significant weight, courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Id.* at 209. A court "retains discretion" to award fees "even when the losing party advanced a reasonable claim or defense." *Id.* at 200.

Where a party pursues a "patently meritless copyright claim," takes an "unreasonable litigating position, or engages in "overaggressive assertions of copyright claims," a fee award may be appropriate. *Kirtsaeng*, 579 U.S. at 205, 209. On the other hand, awarding costs alone may be sufficient to "adequately deter [a] [p]laintiff and others from bringing additional unmeritorious

---

[1] This is in contrast to trademark and patent claims, for which fees may be awarded to the prevailing party only in "exceptional cases." 15 U.S.C. § 1117(a).

claims." *Althouse v. Warner Bros. Ent.*, No. CV 13-696 RGK (SSx), 2014 WL 12599798, at *3 (C.D. Cal. June 17, 2014) (declining to award fees even after determining that the plaintiff's litigation position was objectively unreasonable).

If the Court "decide[s] . . . an award of attorneys' fees is appropriate," it must then "calculate[e] the amount of fees to be awarded." *Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 832–33 (9th Cir. 2003) (footnote omitted). In determining the amount of fees awardable, the "most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1027 (9th Cir. 1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Excluded from this fee calculation are hours that are not reasonably expended, i.e., hours that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Hensley*, 461 U.S. at 434). "Controlling precedent establishes 'that a party entitled to attorney's fees as a prevailing party on a particular [copyright] claim, but not on other claims in the same lawsuit, can only recover attorney's fees incurred in [pursuing or] defending against that one claim or any related claims.'" *Traditional Cat Ass'n*, 340 F.3d at 833 (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Attorney's Fees

The Court has considered Crystal's application for an award of attorney's fees in light of the relevant factors set forth by the Supreme Court and the Ninth Circuit. For the reasons set forth below, the Court concludes that an award of fees is not appropriate.

##### 1. Prevailing Party

Courts "may . . . award a reasonable attorney's fee to the prevailing party" on copyright claims. 17 U.S.C. § 505. Crystal contends it is the prevailing party because:

> Crystal prevailed in full on Rearden's copyright claims. The Court granted Crystal's RMSJ on the contributory copyright infringement claim, fully adjudicating the claim on the merits. Rearden dismissed its vicarious infringement claim with prejudice. The Court dismissed with prejudice Rearden's claims as to the Microsoft E3 Trailer. Rearden's original direct copyright infringement claim was dismissed by the Court without prejudice but Rearden dropped it from its FAC and never reasserted it. Then . . . Rearden sought to dismiss this Action with prejudice, which was granted.

4

ECF No. 343 at 21–22 (citations omitted). Rearden concedes that "Crystal 'prevailed' on the copyright claims in this case," at least "in the technical sense." ECF No. 353 at 13. Accordingly, the Court finds that Crystal was the "prevailing party" with respect to its copyright claims for the purpose of 17 U.S.C. § 505.

### 2. Appropriateness of Fee Award

#### a. Objective Unreasonableness/Frivolousness

The Court starts by considering the "reasonableness of [the] losing party's legal and factual arguments." *Shame on You Prods.*, 893 F.3d at 666 (9th Cir. 2018) (quoting *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 787 (9th Cir. 2006)). Courts generally "give substantial weight to the objective reasonableness of the losing party's position." *Kirtsaeng*, 136 S. Ct. at 1983. "A claim is objectively unreasonable where the party advancing it should have known from the outset that its chances of success in th[e] case were slim to none." *Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2016 WL 1258690, at *5 (N.D. Cal. Mar. 31, 2016) (internal quotation marks and citation omitted). Similarly, a "frivolous claim is one in which the factual contention is 'clearly baseless,' such as factual claims that are 'fantastic or delusional scenarios.'" *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, C 04-00371 JW, 2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005) (quoting *Neitzke v. Williams*, 490 U.S. 324, 325–28 (1989)).

Rearden's position in this case was not unreasonable. Rearden filed suit because individuals associated with the production of *ROTTR*, including a Crystal employee and the actor who played the *ROTTR* protagonist, spoke publicly about the use of MOVA technology during *ROTTR*'s production. *See, e.g.*, ECF No. 352 at 16–17 (quoting *ROTTR* actor Camilla Luddington as saying fans would "see a lot more of" MOVA technology in *ROTTR*). Faced with these facts, a company in Rearden's position would have reason to believe it had copyright infringement claims against the maker of *ROTTR*. That Rearden ultimately was unable to show a specific instance of copyright infringement does not make its litigation conduct unreasonable. *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013) ("[T]he mere fact that [the plaintiff] lost cannot establish his objective unreasonability.").

Crystal argues that even if Rearden's initiation of this action was not frivolous, it should quickly have become clear to Rearden that its claims were meritless. ECF No. 343 at 12. The Court disagrees. This action presented complex legal and factual issues that required years of briefing and discovery to untangle. Even two years into the litigation, the Court found that "based on the current record, a reasonable jury could find that Crystal Dynamics used MOVA output in the creation of *ROTTR* itself." ECF No. 201 at 12 (granting in part and denying in part Crystal's motion for summary judgment).

Crystal also argues that Rearden's failure to take Luddington's deposition was unreasonable litigation conduct. ECF No. 343 at 13–14. Crystal raised the same issue in its summary judgment papers, and the Court there "acknowledge[d] Crystal Dynamics' frustration that Rearden declined to depose Luddington" but stated: "To the extent Crystal Dynamics suggests that the Court should draw an adverse inference from this failure, . . . it provides no authority for the request, and the Court declines it." ECF No. 201 at 9 n.6. Crystal again fails to provide authority on this point, and the Court's view remains unchanged. While the Court cannot say that a failure to engage in specific discovery of potentially relevant evidence could never support an attorney's fees award, Crystal fails to persuade the Court to take that step on this record.

Likewise, Crystal argues Rearden improperly "attempt[ed] to expand the scope of this Action" by "lump[ing] Crystal in" with film studio defendants against whom Rearden brought claims in separate actions. ECF No. 343 at 25. This Court rejected a similar argument in *Oracle America, Inc. v. Hewlett Packard Enterprise Co.*, No. 16-cv-01393-JST, 2019 WL 10303651 (N.D. Cal. Nov. 12, 2019). In that case, HPE sought an award of attorney's fees in part because Oracle had originally brought a bigger lawsuit against HPE, including categories of customers who were later removed from the case. *Id.* at *2. The Court rejected HPE's argument, noting that it implied that "the core of [the plaintiff's case] had some merit and was not unreasonable." *Id.* So here, Rearden filed suit against the defendants it believed had infringed its copyrights; that it ultimately elected not to proceed against all of them does not mean that suing Crystal was unreasonable.

6

For these reasons, the Court finds that Rearden's position in this case was neither objectively unreasonable nor frivolous. This factor, to which the Court must assign "substantial weight," *Kirtsaeng*, 579 U.S. at 207, thus militates against awarding fees.

### b.  Degree of Success

The Court next considers "the degree of success obtained." *Shame on You Prods.*, 893 F.3d at 666. "This factor weighs more in favor of a party who prevailed on the merits, rather than on a technical defense." *DuckHole Inc. v. NBCUniversal Media LLC*, No. CV-12-10077-BRO, 2013 WL 5797204, at *2 (C.D. Cal. Oct. 25, 2013). Even a defendant's complete success in defeating a plaintiff's claims "weighs in favor of an attorney fee award" but "is not dispositive." *Bisson-Dath v. Sony Computer Ent. Am. Inc.*, No. CV-08-1235 SC, 2012 WL 3025402, at *1 (N.D. Cal. July 24, 2012) ("If it was, then prevailing parties would be entitled to attorney fees as a matter of course. But that is not the law.").

Crystal maintains that its "success in this Action has been total, systematically obtaining dismissal of all of Rearden's copyright and patent claims."[2] ECF No. 343 at 22. But it cites cases that resolved very differently than this case did. In *DuckHole, Inc. v. NBCUniversal Media LLC*, for instance, the court dismissed all the copyright claims in full at the motion to dismiss stage without leave to amend. 2013 WL 5797204, at *2. Here, the Court dismissed parts of Rearden's copyright claims on statute of limitations grounds and dismissed others on the merits at the summary judgment stage. But one of Rearden's copyright claims survived summary judgment and was still viable when the parties engaged in the settlement discussions that eventually resulted in Rearden's voluntary dismissal of its remaining claims. Because some of Rearden's copyright claims were dismissed only on "technical defenses," and another survived every substantive ruling made by this Court, the Court cannot agree that Crystal achieved total or complete success in the way that courts have defined that term in this context. Accordingly, the Court finds this factor

---

[2] The Court assigns little weight to the parties' arguments regarding the outcome of Rearden's patent claims. *See* ECF No. 343 at 22; ECF No. 352 at 16; ECF No. 363 at 8. This is because "[i]n determining whether fees should be awarded . . . the primary focus is on the Copyright Act," not other causes of action. *Shame on You Prods., Inc. v. Banks*, No. CV 14-3512-MMM (JCx), 2016 WL 5929245, at *6 (C.D. Cal. Aug. 15, 2016).

7

does not weigh in favor of awarding fees.

### c. Motivation

The Court next considers Rearden's motivation in bringing this lawsuit. "Under this factor, the existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party . . . . A finding of bad faith can be based on actions that led to the lawsuit, as well as on the conduct of the litigation." *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-cv-00496 SOM/BMK, 2015 WL 5601853, at *7 (D. Haw. Sept. 23, 2015). Bad faith, however, is "not a necessary prerequisite to an award of fees." *Shame on You Prods.*, 2016 WL 5929245, at *8.

Crystal speculates that Rearden CEO Steve Perlman's "apparent vendetta" against DD3 for stealing MOVA technology led it to file this action to teach companies the lesson that "if they worked with DD3, they would be guilty by association and be targeted for litigation." ECF No. 343 at 28. The speculative nature of this assertion is reason enough to reject it. Moreover, as previously explained, Rearden *did* have a reasonable basis to file suit against Crystal, based not on DD3's actions but on statements made by Crystal employees and other individuals associated with the *ROTTR* project. Nor has Crystal made a sufficient case that Rearden's motivation was to "drain[] defendants' resources," "gain revenue from litigation," or "secure a competitive advantage," as in the cases Crystal cites for support. *See* ECF No. 343 at 27 (citing *Shame on You Prods.*, 2016 WL 5929245, at 8; *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2015 WL 1746484, at *9–11 (C.D. Cal. Mar. 24, 2015); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996)).

### d. Compensation and Deterrence

Finally, the Court considers "the need . . . to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 534 n.19 (citation omitted). Crystal argues that "[a] fees award will serve as 'general deterrence' against future plaintiffs, like Rearden, who press on with litigation of meritless copyright claims even after it becomes evidence that their claims are baseless." ECF No. 343 at 28 (quoting *Shame on You Prods.*, 2016 WL 5929245, at *10).

The Court finds no need for deterrence here. It is true that "successful defense of a

1  copyright infringement action may further the policies of the Copyright Act every bit as much as a
2  successful prosecution of an infringement claims by the holder of a copyright." *Choyce v. SF Bay*
3  *Area Indep. Media Ctr.*, No. 13-cv-01842-JST, 2014 WL 5597274, at *5 (N.D. Cal. Nov. 3, 2014)
4  (quoting *Fogerty*, 510 U.S. at 527). However, "plaintiffs acting in good faith and with potentially
5  meritorious claims should not be deterred from seeking to protect their copyrights based on the
6  fear of a large attorney's fees award should the Court" rule against them. *Epikhin*, 2016 WL
7  1258690, at *8. "While the burden of defending frivolous and objectively unreasonable litigation
8  may be deleterious to the objectives of the Copyright Act, it is not the purpose of the Copyright
9  Act to deter litigants from bringing potentially meritorious claims, even though those claims may
10 be ultimately unsuccessful." *Minden Pics., Inc. v. John Wiley & Sons, Inc.*, No. C-12-4601 EMC,
11 2014 WL 1724478, at *8 (N.D. Cal. Apr. 29, 2014) (internal quotation marks and citation
12 omitted). The Court finds that the deterrence purposes of the Copyright Act would not be served
13 by a fee award.
14   Taking all the factors together, the Court concludes that a fee award is not appropriate.

**B.   Costs**

The Court next considers Rearden's motion to re-tax costs. The prevailing party bears the burden of demonstrating the amount of taxable costs. *Apple Inc v. Samsung Elecs. Co., Ltd.*, No. 5:12-cv-00630-LHK, 2015 WL 4967769, at *3 (N.D. Cal. Aug. 20, 2015). Rearden challenges the timeliness of Crystal's bill of costs and objects to certain categories of costs claimed by Crystal.

**1.   Timeliness**

Rearden first argues that the Court should reject Crystal's bill of costs entirely as untimely. ECF No. 356 at 5–6; *see* Civ. L.R. 54-1(a) ("No later than 14 days after entry of judgment or order under which costs may be claimed, a prevailing party claiming taxable costs must serve and file a bill of costs"). But the Court previously extended the deadline for "any motion for costs and fees." ECF No. 332 at 2. Although it is arguably unclear whether this extension also applied to a *bill* of costs, rather than a *motion* for costs, it was reasonable under the circumstances for Crystal assume that it did. Accordingly, the Court finds that Crystal's bill of costs was filed timely.

9

### 2. Deposition Transcript and Videography Costs

Rearden next challenges certain categories of costs taxed against it, starting with costs related to the video recording of Steve Perlman's deposition and the "rough draft ASCII" transcripts" of the Kury, Robins, and Briggs depositions. Rearden argues that the video recordings and rough draft transcripts were duplicative of the final written transcripts and thus the costs for them are unrecoverable. ECF No. 356 at 6–8. Rearden acknowledges that "the precedent is not uniform but notes that other courts in this district and circuit have also held that, under *Rimini Street*, 'deposition videography' costs are not recoverable." ECF No. 356 at 7 (citing *Lowery v. Rhapsody Int'l, Inc.*, No. 16-CV-01135-JSW(JSC), 2021 WL 7448610, at *11 (N.D. Cal. Sept. 20, 2021), *report and recommendation adopted*, No. 16-CV-01135-JSW, 2022 WL 319983 (N.D. Cal. Jan. 4, 2022), *rev'd on other grounds and remanded*, 69 F.4th 994 (9th Cir. 2023), *and rev'd and remanded*, 75 F.4th 985 (9th Cir. 2023)). Crystal responds that "[p]ursuant to Civ. L.R. 54-3(c)(1), the Northern District has allowed the recovery of 'videography' services for depositions, even when requested as a second copy," and that rough draft ASCII transcripts are treated similarly. ECF No. 361 at 5 (citing *Ancora Techs., Inc. v. Apple, Inc.*, No. 11-CV-06357 YGR, 2013 WL 4532927, at *6 (N.D. Cal. Aug. 26, 2013)).

Crystal has the better argument. First, *Lowery* does not hold that deposition videography costs are not recoverable, and it appears that deposition costs were not even at issue in that case. Rather, *Lowery* cites *Arcona, Inc. v. Farmacy Beauty, LLC,* for that proposition. No. 2-17-CV-7058-ODW(JPRX), 2021 WL 2414856 (C.D. Cal. June 14, 2021), *aff'd*, No. 21-55678, 2022 WL 1486822 (9th Cir. May 11, 2022). *Arcona* denied an award of such costs because the party requesting the award "fail[ed] to provide any authority for the proposition that it may recover costs for . . . deposition videography." *Id.* at *5. But, as set forth below, there is a great deal of authority that could have been cited and which the *Arcona* court did not have the opportunity to consider. *Arcona* is not persuasive on this point.

Second, while Rearden is correct that "the authority is not uniform," there is substantial consensus that the costs of both the video and the written transcript of a deposition are recoverable. The Sixth, Eighth, Tenth, and Federal Circuits have all so held, *BDT Prods., Inc. v.*

10

1    *Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012); *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015); *Tilton v. Cap. Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997); *In re Ricoh Co., Ltd. Pat. Litig.*, 661 F.3d 1361, 1369–70 (Fed. Cir. 2011), as have many district courts in the Ninth Circuit, *e.g., W.G. Barr Mgmt., LLC v. ContekPro LLC*, No. 23-CV-02257-TSH, 2024 WL 3850820, at *9 (N.D. Cal. Aug. 15, 2024); *Shields v. Federation Internationale de Natation*, No. 18-CV-07393-JSC, 2023 WL 8360169, at *3 (N.D. Cal. Nov. 17, 2023); *Fowler v. California Highway Patrol*, No. 13-CV-01026-TEH, 2014 WL 3965027, at *5 (N.D. Cal. Aug. 13, 2014); *TransPerfect Glob., Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (DMR), 2014 WL 1364792, at *5 (N.D. Cal. Apr. 4, 2014); *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2013 WL 843104, at *3 (N.D. Cal. Mar. 6, 2013); *Adidas Am., Inc. v. Herbalife Int'l, Inc.*, No. 3:09-CV-00661-MO, 2012 WL 13051118, at *1 (D. Or. Sept. 5, 2012). For similar reasons, courts in the Northern District allows costs for an original and a copy "even if the second copy is a rough ASCII." *Ancora Techs.*, 2013 WL 4532927, at *6.

The Court is persuaded by these authorities and declines to exclude costs related to the Perlman, Kury, Robins, and Briggs depositions.

### 3.    E-Discovery Costs

While e-discovery costs are generally recoverable, "vaguely-worded vendor invoices and a declaration that such services were necessarily incurred may not satisfy the prevailing party's burden." *eBay Inc. v. Kelora Sys., LLC*, 2013 WL 1402736, at *4 (N.D. Cal. Apr. 5, 2013). Rearden objects to Crystal's recovery of certain categories of costs related to preparation and production of documents in discovery—in particular, "Control Risks costs" and "Prosearch costs." ECF No. 356 at 9–10.

While the Court agrees with Rearden that certain categories of these e-discovery costs are somewhat cryptically labelled, the Court finds that Crystal's declaration, ECF No. 333-1, presents sufficient clarity to establish that these costs were necessary for production of data sought by Rearden in discovery. Crystal explains that "Control Risks costs" were for "forensic imaging and production . . . as part of the discovery process." ECF No. 361 at 9 (quoting ECF No. 333-1 ¶ 7).

11

1  And "Prosearch costs" were for "preparing the productions for export" and "producing the data."

2  ECF No. 361 at 10 (quoting ECF No. 333-1 ¶ 10).  Accordingly, the Court declines to re-tax costs

3  associated with e-discovery.

## CONCLUSION

The Court concludes that an award of attorney's fees under the Copyright Act is not warranted in this case, and accordingly, Crystal's motion is denied.  For the reasons explained above, Rearden's motion for review of taxation of costs is also denied.

**IT IS SO ORDERED.**

Dated: April 8, 2025

_____
JON S. TIGAR
United States District Judge